■ JULIUS E. SWARTS et al., Appellants, v COUNTRY LOG HOMES, INC., et al., Defendants, and DAILY EXPRESS, INC., Respondent.—In a negligence action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Orange County (King, J.), dated July 8, 1986, as granted so much of the motion of the defendant Daily Express, Inc., which was for summary judgment dismissing the complaint insofar as it is asserted against it and allegedly denied their cross motion to compel compliance with a notice of discovery and inspection served upon Daily Express, Inc.

Ordered that the appeal from so much of the order as allegedly denied the plaintiffs' cross motion is dismissed; and it is further,

Ordered that the order is otherwise affirmed insofar as appealed from; and it is further,

Ordered that the respondent is awarded costs.

In this action, the plaintiffs-appellants seek to recover damages based upon the personal injuries sustained by the plaintiff Julius Swarts as a result of an automobile accident which occurred on August 23, 1984. It was the plaintiffs' claim that Swarts' vehicle had struck a log which had fallen onto the road from a truck driven by the defendant Frank Wenkosky. Swarts stopped his vehicle on the shoulder of westbound Route 84 approximately one mile east of its intersection with Route 17M in Middletown, New York, and got out of his vehicle to remove the log from the road. While he was standing on the side of the roadway, Swarts was struck and injured by a vehicle driven by the defendant Mamie H. Seruby. It was contended that Seruby had swerved to avoid hitting the log, at which time her vehicle struck Swarts.

On the day of the accident, Wenkosky had hauled a load of cargo from Pennsylvania to northern Connecticut under an equipment lease contract with the defendant Daily Express, Inc. After delivering the Daily Express, Inc. load, and pursuant to a private arrangement with the defendants Richard Myers and Teri Myers, Wenkosky proceeded to the plant of the defendant Country Log Homes, Inc. in Massachusetts. At the plant, logs were loaded onto Wenkosky's truck by employees of the defendant Country Log Homes, Inc. Wenkosky expected to be compensated by the Myers at a future date when the log home was sold. Wenkosky hauled the logs back to Pennsylvania, following a route through Middletown, where the accident occurred. At his examination before trial, Wenkosky stated that Daily Express, Inc. was unaware of his private haul for the Myers and he had not sought authorization from Daily Express, Inc. to make this private haul. In addition, the director of insurance of Daily Express, Inc., by his affidavit, confirmed that Daily Express, Inc. had not been informed about the log haul nor had it paid for the haul or received any of the funds which Wenkosky had been paid for the haul.

We find that the Supreme Court properly dismissed the complaint insofar as it is asserted against Daily Express, Inc. The court found no question of fact existed as to whether Frank Wenkosky was an independent contractor at the time

of the accident and that further discovery would not reveal information which would implicate Daily Express, Inc. We agree. There is no indication in the record that Daily Express, Inc. reserved a right of control over Wenkosky in respect to the manner in which the work was to be done *(see, Matter of Morton,* 284 NY 167, 172; *Shapiro v Robinson,* 102 AD2d 822, *affd* 63 NY2d 896). Wenkosky owned his own truck, set his own travel routes, was paid by the job, was responsible for all fees associated with ownership of the vehicle, had his own business, and was under no obligation to continue working under the agreement.

Assuming, arguendo, that Wenkosky was an employee of Daily Express, Inc., the evidence submitted established, as a matter of law, that Wenkosky's log haul, conducted without the authorization or even knowledge of Daily Express, Inc., was outside the scope of his purported employment with Daily Express, Inc. Contrary to the plaintiffs' contention, they have failed to establish that the documents, which they sought in their discovery request, would enable them to even raise a triable issue of fact with respect to the scope of Wenkosky's purported employment by Daily Express, Inc.

Finally, we note that we have dismissed so much of the appeal as sought review of the purported denial of the plaintiffs' cross motion for discovery since, as conceded by the plaintiffs, the order appealed from neither grants nor denies the cross motion and so far as appears from the record no decision on the cross motion was ever made and no order was ever entered thereon. However, we need not remit the matter to the Supreme Court for a decision on the cross motion, since upon dismissal of the complaint insofar as it is asserted against Daily Express, Inc., the cross motion was rendered academic *(cf., Katz v Katz,* 68 AD2d 536, 542-543). Mollen, P. J., Lawrence, Weinstein and Kooper, JJ., concur.