(January 24, 1989)

■ VINCENT DEFEO, Respondent, v FRANK LAMBIE, INC., et al., Defendants, and WILLAMETTE INDUSTRIES, INC., Appellant. (And Third- and Fourth-Party Actions.)—Order of the Supreme Court, Bronx County (Bertram Katz, J.), entered on or about July 24, 1987, which denied the motion of defendant Willamette Industries, Inc. for summary judgment, unanimously reversed on the law, the motion granted and the complaint dismissed as to defendant Willamette Industries, without costs.

The appeal from the order of the same court entered October 7, 1987, which denied defendant Willamette's motion for renewal, is dismissed as moot, without costs.

The plaintiff was injured when a delivery wagon allegedly operated by an employee of defendant Frank Lambie, Inc. ran

over his foot. At the time of the incident, the Lambie employees were delivering paper products manufactured by Willamette Industries. Willamette has been joined as a defendant in this lawsuit upon the theory that Lambie was its agent for the delivery of its products. Willamette has moved for summary judgment urging that Lambie was not its agent, but was in fact an independent contractor over whose operations Willamette had no control.

It is not disputed that defendant Willamette Industries is a corporation entirely separate from defendant Frank Lambie, Inc. Willamette manufactures paper products while Lambie is in the warehouse and delivery business. Lambie stores and delivers Willamette's products as well as the products of other manufacturers. Lambie's deliveries are performed by Lambie employees under Lambie's supervision using equipment supplied by Lambie. The motion court was, however, of the view that Willamette might exercise some control over the manner in which Lambie delivered its products since Willamette district sales manager Thomas P. Cronin had indicated in his deposition testimony that Lambie was occasionally instructed as to whether the shipped goods were to be delivered inside or outside, and as to whether they should be segregated according to type. We do not think this testimony was sufficient to warrant the court's denial of the summary judgment motion. Carriers are routinely given instructions of the sort referred to by Cronin. Indeed, such instructions are not substantially different from furnishing the carrier with the address to which the goods are to be delivered. A master-servant relationship does not therefore arise such as would bind the issuer of the instructions to answer for the negligence of the carrier. Unless there is some indication that the party availing himself of the carrier's services has some control over the carrier's employees and the manner in which they perform their duties there is no basis to suppose the existence of a master-servant relationship. (See, Shapiro v Robinson, 102 AD2d 822, affd 63 NY2d 896; Swarts v Country Log Homes, 135 AD2d 807; 3 NY Jur 2d, Agency, § 326.) As no such showing of control was made by the plaintiff in response to the within summary judgment motion, the motion ought to have been granted. (See, e.g., Zuckerman v City of New York, 49 NY2d 557, 562.) Concur—Murphy, P. J., Carro, Milonas and Rosenberger, JJ.