■ MAUREEN McDONALD, Individually and as Parent and Natural Guardian of MARK McDONALD, an Infant, Respondent, v HUNTINGTON CRESCENT CLUB, INC., et al., Appellants.— In an action to recover damages for personal injuries, the defendants separately appeal from an order of the Supreme Court, Suffolk County (Tanenbaum, J.), entered December 11, 1987, which denied their respective motions for summary judgment dismissing the complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof which denied the motion of the defendant Huntington Crescent Club, Inc., for summary judgment dismissing the complaint insofar as it is asserted against it, and substituting therefor a provision granting that motion; as

so modified, the order is affirmed, without costs or disbursements.

The plaintiff, Mark McDonald, 16 years of age at the time of this incident, while working as a caddy at the golf course of the defendant Huntington Crescent Club, Inc. (hereinafter the Club), was hit in the head by a golf ball driven by the defendant Fioretti.

The plaintiffs' contention that the defendant Club's alleged failure to properly instruct Mark McDonald regarding safety on a golf course raises a triable issue as to its negligence is without merit. The plaintiff Mark McDonald admits that he had caddied over 200 times on the same golf course. Thus, his general knowledge of the golf course, the game of golf and plain common sense should have made him aware that if a golf ball was hit in his direction, he should take evasive action. Therefore, the Club's alleged failure to instruct him is irrelevant to the issues in this case.

We also disagree with the plaintiffs' contention that the Club owed Mark McDonald a duty of constructing near the fairway barriers in order to protect caddies from golf balls headed in their direction. The duty of the Club is to exercise that degree of care that a reasonable prudent golf club would have exercised under similar circumstances. Under the facts of this case, the plaintiffs have failed to establish the breach of any duty on the part of the Club. Accordingly, its motion is granted.

With regard, however, to the defendant Fioretti, we find Supreme Court was correct in denying his motion for summary judgment. A golfer has a duty to give a timely warning to other persons within a foreseeable ambit of danger (see, Jenks v McGranaghan, 30 NY2d 475), and that duty extends to those in or near the intended line of flight (see, Jenks v McGranaghan, supra, at 475; Jackson v Livingston Country Club, 55 AD2d 1045; cf., Noe v Park Country Club, 115 AD2d 230). It is uncontested that the plaintiff Mark McDonald was standing near the intended line of flight and there are contradictory affidavits as to whether the defendant Fioretti called out "fore". Hence, summary judgment is precluded as to the defendant Fioretti as there are issues of fact which can only be determined by the trier of the facts. Bracken, J. P., Rubin, Spatt and Sullivan, JJ., concur.