■ SHEILA M. ADAMCZAK, Respondent, v LEISURE RINKS SOUTHTOWN, INC., et al., Appellants.—Order unanimously reversed on the law without costs, motion granted and complaint dismissed. Memorandum: Plaintiff was injured while participating in a game of "broomball" at Leisure Rinks Southtown, Inc. when she fell on the ice and slid into a wooden divider located at center ice. The game, which is similar to ice hockey, was being played on "half ice" by players wearing sneakers instead of skates and using brooms instead of hockey sticks. The ice rink was divided into two playing areas by interlocking wooden dividers approximately eight feet long, five inches wide and fifteen inches high. Plaintiff commenced this action, alleging that defendant "failed to provide a safe place for the plaintiff to participate in the game of broomball" and that it "failed to take adequate and necessary precautions in order to protect the participants such as the plaintiff while playing in the game of broomball". Defendant moved for summary judgment on the ground that it did not breach any duty owed to plaintiff as a matter of law. Supreme Court denied its motion. That was error.

Plaintiff testified at her examination before trial that, prior to going on the ice, she observed the dividers and the condition of the ice surface. She acknowledged that she was an experienced skater and was aware that the ice was slippery. She was on the ice between 30 and 45 minutes prior to the accident and during that period she fell several times. Plaintiff testified "[y]ou know, it comes with the sport. You're running on ice with sneakers, you're going to fall, you know. So did everybody else". Under the circumstances, plaintiff assumed the risk that she might fall on the ice and slide into a divider or into the boards along the perimeter of the rink during the game. Defendant's duty was thus limited to the exercise of reasonable care to make the conditions as safe as they appeared to be (see, Turcotte v Fell, 68 NY2d 432, 439; Maddox v City of New York, 66 NY2d 270; O'Neill v Daniels, 135 AD2d 1076, lv denied 71 NY2d 802). Here, because plaintiff fully comprehended the risks involved in the game of broomball, "plaintiff has consented to them and defendant has performed its duty" to her (Turcotte v Fell, supra, at 439).

(Appeal from Order of Supreme Court, Erie County, Mintz, J. —Summary Judgment.) Present—Dillon, P. J., Denman, Green, Lawton and Davis, JJ.