■ In the Matter of 380 Madison Avenue Partners, Appellant. Rite-Way Internal Removal, Inc., Respondent.—Order, Supreme Court, New York County (Elliott Wilk, J.), entered on or about November 15, 1990, unanimously affirmed for the reasons stated by Elliott Wilk, J., without costs. No opinion. Concur—Sullivan, J. P., Rosenberger, Kupferman, Ross and Smith, JJ.

Second Department, April, 1991

(April 1, 1991)

■ Russell Alberti, an Infant, by His Father and Natural Guardian, Rosario Alberti, Respondent, et al., Claimant, v State of New York, Appellant. (Claim No. 77007.)—In a claim for damages for personal injuries, the State of New York appeals from a judgment of the Court of Claims (Rossetti, J.), dated August 22, 1989 which, after a nonjury trial, is in favor of the infant claimant and against it in the principal sum of $24,000.

Ordered that the judgment is affirmed, with costs.

The infant claimant, a 10½-year-old boy, was injured when he struck a wooden pole while sledding down a hill at a public park owned and maintained by the State of New York. A landowner has a general duty to those using his or her property to maintain it in reasonably safe condition to prevent the occurrence of foreseeable injuries *(see, Basso v Miller,* 40 NY2d 233; *see also, Turcotte v Fell,* 68 NY2d 432; *Diven v Village of Hastings-on-Hudson,* 156 AD2d 538). We agree with the Court of Claims' conclusion that the infant claimant's injuries were foreseeable and that the State of New York failed to maintain its property in a reasonably safe condition. The placement of wooden poles directly adjacent to the sledding area maintained by the State distinguishes this case from *Nagawiecki v State of New York* (150 AD2d 147), which involved an expert skier who collided with a pole outside the area of normal skiable terrain. Bracken, J. P., Kunzeman, Kooper and Harwood, JJ., concur.

■ Francine M. Allen, as Administratrix of the Estate of