■ KEITH J. CRAGE, Appellant, v KISSING BRIDGE SKI AREA, Respondent.—Order and judgment unanimously affirmed without costs. Memorandum: Supreme Court properly granted

defendant summary judgment dismissing plaintiff's complaint. Plaintiff was injured on January 19, 1986, while skiing at the defendant's ski area. The complaint alleges that plaintiff's injuries resulted from improper adjustment of the bindings on the ski equipment he rented while at defendant's premises. Defendant demonstrated entitlement to judgment as a matter of law by tender of evidentiary proof in admissible form establishing that, on the date alleged in the complaint, all phases of ski equipment rental, including the adjustment of ski bindings, were performed exclusively by Slippery Slats and All That, Inc. (Slippery Slats), a separate and distinct corporation over which it exercised no control. In response to defendant's motion, plaintiff failed to demonstrate by admissible evidence the existence of a factual issue requiring trial nor did he tender an acceptable excuse for his failure to do so (see, Zuckerman v City of New York, 49 NY2d 557, 560). The determination whether one is an independent contractor typically involves a question of fact concerning which party controls the methods and means by which the work is to be done (see, Matter of Rivera [State Line Delivery Serv.—Roberts], 69 NY2d 679, 682, rearg dismissed 69 NY2d 823, rearg denied 69 NY2d 946, cert denied 481 US 1049; see also, 3 NY Jur 2d, Agency, § 325; Matter of Morton, 284 NY 167, 172). Where, as here, the proof on the issue of control presents no conflict in evidence, the matter may properly be determined by the court as a matter of law (see, Matter of Beach v Velzy, 238 NY 100). Because plaintiff's submissions failed to controvert defendant's proof that it lacked control over Slippery Slats, Supreme Court properly granted defendant's motion (see, DeFeo v Frank Lambie, Inc., 146 AD2d 521; cf., Pannone v Burke, 149 AD2d 673, lv denied 74 NY2d 610). (Appeal from Order and Judgment of Supreme Court, Erie County, Mintz, J. —Summary Judgment.) Present—Denman, P. J., Boomer, Balio, Lawton and Fallon, JJ.