■ NINA FABRIS, Respondent, v TOWN OF THOMPSON, Doing Business as HOLIDAY MOUNTAIN SKI AREA, Appellant, et al., Defendant. [597 NYS2d 477] —Weiss, P. J. Appeal from an order of the Supreme Court (Torracca, J.), entered May 15, 1992 in Sullivan County, which, *inter alia,* denied defendant Town of Thompson's motion for summary judgment dismissing the amended complaint against it.

On January 11, 1986 plaintiff, an experienced intermediate level skier, spent the day skiing at Holiday Mountain Ski Area owned and operated by defendant Town of Thompson in Sullivan County. At 9:15 P.M., while skiing down the Christ-

mas Bowl trail for the first time, plaintiff encountered icy conditions and lost control. She was able to stop half way down on the left side of the trail but again slipped and involuntarily resumed skiing down the hill. Unable to effectuate a second stop, plaintiff alleges that she skied to the right, lost control, fell on her buttocks, slid 155 feet at an angle down the slope until she struck a fence post on the right side of the trail, 45 feet[1] from the base of the trail. The post was part of a fence separating the trail from the loading ramp of the chair lift. Plaintiff commenced this action to recover damages for her injuries. The Town moved for summary judgment dismissing the amended complaint, contending that it had not violated any duty to plaintiff, that plaintiff assumed the risks of injuries inherent in skiing, and that the undisputed circumstances of plaintiff's accident were within the risk assumed. Finding that factual issues were present that must be determined at trial,[2] Supreme Court denied the Town's motion. This appeal ensued.

Voluntary participants in the sport of downhill skiing assume the inherent risks of personal injury caused by, among other things, terrain, weather conditions, ice, trees and man-made objects that are incidental to the provision or maintenance of a ski facility (*Nagawiecki v State of New York,* 150 AD2d 147, 149; *see, Adamczak v Leisure Rinks Southtown,* 170 AD2d 951; *O'Neill v Daniels,* 135 AD2d 1076, 1077, *lv denied* 71 NY2d 802; *see also,* General Obligations Law § 18-101, as added by L 1988, ch 711, § 1). The Town contends that the fence was the demarcation of the absolute limit of skiable terrain and was a visible trailside obstruction of a common and known nature hardly different from a grove of trees. The Town further argues that contact with visible solid objects on the perimeter of the ski trail, whether a fence, tree or chair-lift support, the very presence of which at a trail's edge serves as a warning, is among the known assumed risks of skiing. While the Town correctly states this principal of law, the location of the post here is in factual dispute. If indeed the

---

**1.** Plaintiff has failed to explain the substantial discrepancy in her papers as to location of the post. In plaintiff's verified bill of particulars dated March 24, 1987, plaintiff locates the offending post to be 10 to 20 feet up from the base of the slope and identified the post as part of a fence which borders the slope. Plaintiff's affidavit dated September 30, 1991 places the post 45 feet up the slope, possibly on the trail.

**2.** In its decision, Supreme Court failed to articulate its reasoning or identify which factual issue remained unresolved, thus denying this Court the benefit of its reasoning (*see, Dworetsky v Dworetsky,* 152 AD2d 895, 896).

post was located on the ski trail, the Town could be found to have failed to maintain its property in a reasonably safe condition *(see, Basso v Miller,* 40 NY2d 233) and this case would be distinguishable from *Nagawiecki v State of New York (supra) (compare, Alberti v State of New York,* 172 AD2d 471, *with Adamczak v Leisure Rinks Southtown, supra,* and *Scaduto v State of New York,* 86 AD2d 682, *affd* 56 NY2d 762).

Plaintiff's expert examined the accident site and states in an affidavit in opposition to the Town's motion that the "post was located right on the trail". Plaintiff's affidavit similarly places the post within the limits of the trail. Because a party opposing a summary judgment motion is entitled to every favorable inference *(Rizk v Cohen,* 73 NY2d 98, 103), we are unable to conclude on this record, as a matter of law, that plaintiff assumed the risk related to a man-made obstacle of this type within the confines of the ski trail. Accordingly, with the location of the post being determinative and remaining unresolved, the order denying the Town's motion for summary judgment must be affirmed.

Mikoll, Levine, Mercure and Mahoney, JJ., concur. Ordered that the order is affirmed, without costs.