■ JANET CALABRO, Appellant, v PLATTEKILL MT. SKI CENTER, INC., Respondent. [602 NYS2d 655] —In a negligence action to recover damages for personal injuries, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Nassau County (Robbins, J.), entered June 19, 1991, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order and judgment is affirmed, with costs.

The plaintiff was injured when she fell while skiing on a trail owned and operated by the defendant. She alleged that her fall was caused by the presence of a small dip or bump which spanned approximately 75% of the width of the trail. The defendant moved for summary judgment dismissing the complaint based on the doctrine of assumption of risk, and the Supreme Court granted the motion. We affirm.

The testimony of several witnesses at examinations before trial, including that of the plaintiff herself, established that the plaintiff was an experienced snow skier who had encountered conditions similar to those in this case at other ski trails, that she had successfully skied the trail in question several times on the day of her accident without difficulty,

that the trail was in good condition and contained no unusual or unanticipated features, that the dip in the trail was clearly visible, and that the plaintiff was fully aware of the risk of falling and being injured while skiing. Inasmuch as the plaintiff voluntarily participated in the activity of skiing, was aware of the dangers associated with the sport, and knew or should reasonably have known of the patently obvious and readily observable terrain conditions which included the dip, the Supreme Court correctly found that she assumed the risk of falling in this case *(see, Turcotte v Fell,* 68 NY2d 432; *Pascucci v Town of Oyster Bay,* 186 AD2d 725; *Russini v Incorporated Vil. of Mineola,* 184 AD2d 561; *Melko v Town of Islip,* 172 AD2d 729; *Adamczak v Leisure Rinks Southtown,* 170 AD2d 951; *Scaduto v State of New York,* 86 AD2d 682, *affd* 56 NY2d 762). Under these circumstances, the defendant fulfilled its obligation of making the trail as safe as it appeared to be, and no further duty of care was owed to the plaintiff *(see, Turcotte v Fell, supra; McDonald v Huntington Crescent Club,* 152 AD2d 543; *Nagawiecki v State of New York,* 150 AD2d 147; *Verro v New York Racing Assn.,* 142 AD2d 396). The affidavit of the plaintiff's expert was inadequate to raise a triable question of fact with respect to this issue. Mangano, P. J., Sullivan, Miller and Pizzuto, JJ., concur.