■ Susan Basilone, Individually and as Parent and Natural Guardian of Dana Basilone, an Infant, Respondent, v Burch Hill Operations, Inc., Appellant. [605 NYS2d 423] — Cardona, J. Appeal (transferred to this Court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Hickman, J.), entered February 28, 1992 in Putnam County, which denied defendant's motion for summary judgment dismissing the complaint.

Plaintiff commenced this negligence action to recover damages arising out of a skiing accident. On December 31, 1987 plaintiff's infant, then 15 years old and a first-time skier, spent the day with a companion skiing at Burch Hill Ski Area, which is owned by defendant in the Town of Patterson, Putnam County. According to the infant, the surface of the mountain was icy and it started to drizzle later in the day. The infant had made approximately seven runs down the mountain when she decided to ski down the Santa Fe trail for the second time that day. Having reached the level portion of the trail at the bottom of the slope, the infant skied over a frozen puddle and lost control. The infant was going fast when she slipped over the puddle and, although the infant allegedly regained her balance, she was unable to stop before hitting a post on a split-rail fence near the triple chair lift. The infant had seen the post on other runs during the day. She sustained injuries including a broken leg.

Following joinder of issue, defendant moved for summary judgment dismissing the complaint contending that it had not violated any duty to the infant, that the infant voluntarily chose to engage in skiing and that the conditions were open and obvious. Finding an issue of fact concerning the location

of the post, Supreme Court denied defendant's motion and this appeal ensued. We affirm.

Downhill skiers "assume the inherent risks of personal injury caused by, among other things, terrain, weather conditions, ice, trees and man-made objects that are incidental to the provision or maintenance of a ski facility" *(Fabris v Town of Thompson,* 192 AD2d 1045, 1046; *accord, Nagawiecki v State of New York,* 150 AD2d 147, 149). There is no duty to "pad poles or fences, along the access lines to lifts or facilities located away from slopes and trails at the base of the outrun and beyond the limits of normal skiable terrain" *(Nagawiecki v State of New York, supra,* at 149). If, as plaintiff maintains— and she is entitled to every favorable inference *(see, Rizk v Cohen,* 73 NY2d 98, 103)—the subject post was located on the ski trail, defendant could be found to have failed to maintain its property in a reasonably safe condition *(see, Basso v Miller,* 40 NY2d 233; *see also, Alberti v State of New York,* 172 AD2d 471). On the record before us, we cannot conclude as a matter of law that the infant, an inexperienced skier, assumed the risk related to this type of man-made obstacle located within the confines of the ski trail *(see, Fabris v Town of Thompson, supra).* Because the location of the post remains an unresolved material issue, denial of defendant's motion for summary judgment was proper.

Weiss, P. J., Mikoll, Yesawich Jr. and Crew III, JJ., concur. Ordered that the order is affirmed, with costs.