■ JENNIFER DELANEY et al., Respondents, v TOWN OF HEMPSTEAD, Appellant. [611 NYS2d 306] —In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Nassau County (Roberto, J.), dated June 16, 1992, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The injured plaintiff, an experienced tennis player, was injured when she collided with a wooden fence while participating in a tennis match on one of the defendant's courts. Inasmuch as the injured plaintiff admitted that she had previously played tennis on this court on several occasions and was aware of the presence of the fence, she assumed the risk of injury by voluntarily playing on the tennis court *(see, e.g., Turcotte v Fell,* 68 NY2d 432; *Calabro v Plattekill Mt. Ski Ctr.,* 197 AD2d 558; *Pascucci v Town of Oyster Bay,* 186 AD2d 725; *Melko v Town of Islip,* 172 AD2d 729). The defendant fulfilled its duty of care by making the tennis court as safe as it appeared to be *(see, Turcotte v Fell, supra; Calabro v Plattekill Mt. Ski Ctr., supra; McDonald v Huntington Crescent Club,* 152 AD2d 543).

In view of the foregoing, we have no occasion to consider the defendant's remaining contention. Bracken, J. P., Sullivan, O'Brien and Joy, JJ., concur.