**James Giordano**, Respondent, v **Shanty Hollow Corporation**, Doing Business as **Hunter Mountain Ski Bowl**, Appellant. [617 NYS2d 984] —Casey, J. Appeal from an order of the Supreme Court (Connor, J.), entered August 5, 1993 in Greene County, which denied defendant's motion for summary judgment dismissing the complaint.

Plaintiff, an experienced skier of intermediate to advanced ability, was injured while skiing on an intermediate trail at Hunter Mountain Ski Bowl, which is owned by defendant. According to plaintiff, he unexpectedly encountered a steep drop in the trail, causing him to become airborne, and when he landed the tip of his right ski caught on an unknown natural object in the trail, such as a rock, stick or piece of ice, resulting in a severe injury to his right leg. Plaintiff contends that defendant was negligent in failing to warn of the hazardous condition created by the steep drop and icy conditions. Defendant contends that plaintiff was injured as the result of a risk inherent in the sport of skiing and that defendant did not breach a duty of care owed to plaintiff because plaintiff voluntarily assumed the risks inherent in the sport. Supreme Court found questions of fact on the issue of defendant's liability and denied defendant's motion for summary judgment. We reverse.

In cases involving competitive athletic activities, "assumption of risk is not an absolute defense but a measure of the defendant's duty of care" *(Turcotte v Fell,* 68 NY2d 432, 439). We have applied the same rule to recreational, noncompetitive activities such as downhill skiing *(Nagawiecki v State of New York,* 150 AD2d 147). That plaintiff is not a professional does not preclude application of the rule, but it is a relevant consideration in determining the risks assumed by plaintiff *(see, Benitez v New York City Bd. of Educ.,* 73 NY2d 650, 657-658). As a result of plaintiff's voluntary participation in the activity, defendant's duty was to make the conditions as safe as they appeared to be and if the risks of the activity were fully comprehended or perfectly obvious, plaintiff consented to them and defendant performed its duty *(see, Turcotte v Fell, supra,* at 439). Awareness of the risk assumed must "be assessed against the background of the skill and experience of the particular plaintiff" *(Maddox v City of New York,* 66 NY2d 270, 278).

Plaintiff described himself as an intermediate to advanced skier with 11 to 12 years of experience. During those years, he had skied at Hunter Mountain many times, including numer-

ous runs down the trail where he was injured. Plaintiff had skied down the trail once before on the day he was injured. Nevertheless, plaintiff contends that the steep drop and presence of a natural object in the trail where he landed were not obvious and he was not aware of them as he approached the area where he was injured. Risks of personal injury caused by, among other things, terrain, weather conditions, ice, natural objects and man-made objects that are incidental to the provision or maintenance of a ski facility are inherent in the sport of downhill skiing *(Fabris v Town of Thompson,* 192 AD2d 1045, 1046). Considering plaintiff's experience and skill level, we are of the view that he knew or should have known that sudden changes in grade, including those caused or enhanced by snowmaking or grooming, and the presence of natural objects, such as rocks, sticks or chunks of ice, can and do occur *(see, Nagawiecki v State of New York, supra).* Based upon the undisputed facts, we conclude that as a matter of law plaintiff assumed the risk of injury in this case and that defendant performed its duty *(see, Calabro v Plattekill Mt. Ski Ctr.,* 197 AD2d 558, *lv denied* 83 NY2d 754).

Cardona, P. J., White and Peters, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted, summary judgment awarded to defendant and complaint dismissed.