■ ALLISON MECABE, an Infant, by Her Mother and Natural Guardian, VALERIE MECABE, et al., Appellants, v GREGORY SHMULEVICH et al., Respondents. [619 NYS2d 108] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (O'Brien, J.), dated July 16, 1993, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The 12-year-old plaintiff was playing a game with the defendants' daughter when she fell and injured her knee on the metal frame of the defendants' bed. In their complaint, the plaintiffs alleged, *inter alia,* that the bed frame was in a dangerous condition.

The defendants were under a duty to maintain their property in a reasonably safe condition to prevent the occurrence of foreseeable injuries *(see, Basso v Miller,* 40 NY2d 233; *Alberti v State of New York,* 172 AD2d 471; *Fellis v Old Oaks Country Club,* 163 AD2d 509). In support of their motion for summary judgment, the defendants presented sufficient evidence to show that the bed frame was maintained in a reasonably safe condition. The burden then shifted to the plaintiffs to produce evidentiary proof in admissible form sufficient to establish that there existed a material issue of fact *(see, Zuckerman v City of New York,* 49 NY2d 557). We agree with the Supreme Court that the plaintiffs failed to meet this burden, as the report prepared by their purported expert was not in admissible form *(see, Hagan v General Motors Corp.,* 194 AD2d 766), and they failed to present evidence to support their claim that a sharp protrusion from the frame caused the 12-year-old plaintiff's injury. In addition, the plaintiffs failed to present sufficient proof to support their claim of negligent supervision. Accordingly, the complaint was properly dismissed. Ritter, J. P., Santucci, Freidmann and Goldstein, JJ., concur.