■ ALBERT A. DICRUTTALO, III, Appellant, v BLAISE ENTERPRISES, INC., Respondent. [621 NYS2d 199] —Crew III, J. Appeal from an order of the Supreme Court (Keniry, J.), entered January 19, 1994 in Fulton County, which granted defendant's motion for summary judgment dismissing the complaint.

Plaintiff was injured on March 12, 1988 while skiing on a slalom course at Royal Mountain, located in Fulton County and owned by defendant. Plaintiff, who was then 20 years old, was an advanced skier and had skied at Royal Mountain every season, except one, since he was six years old. Plaintiff had participated in slalom races prior to the accident and, on the day of the accident, he had skied the slalom course in question

at least three times before being injured. On the run that he was injured, plaintiff had gone through 8 or 10 gates when he caught his left ski tip on a gate; his binding released and he continued skiing on his right ski, skiing off the course, off the ski trail and eventually colliding with a tree.

Plaintiff commenced this action claiming that defendant was negligent in setting up the slalom course too close to the edge of the ski trail, thereby creating an unsafe and hazardous condition. Defendant moved for summary judgment dismissing the complaint on the ground that plaintiff assumed the risk of injury when he voluntarily engaged in the sport of skiing. Supreme Court granted the motion and this appeal ensued.

It is axiomatic that Alpine skiers assume the risks inherent in the sport including, *inter alia,* terrain, weather conditions, ice, trees and man-made objects that are incidental to the provision or maintenance of a ski area *(see, Fabris v Town of Thompson,* 192 AD2d 1045, 1046). It is equally well settled that the duty of a ski operator is to make the ski trails as safe as they appear to be *(see, Calabro v Plattekill Mt. Ski Ctr.,* 197 AD2d 558, 559, *lv denied* 83 NY2d 754). The question here distills to whether plaintiff was injured as a result of conditions inherent in the sport in which he was participating, as opposed to a latent condition which made the slalom course not as safe as it appeared to be *(see, Owen v R.J.S. Safety Equip.,* 79 NY2d 967, 970 [question of fact as to whether the defendant's negligence, if any, created a dangerous condition over and above the usual dangers inherent in race car driving]; *Laboy v Wallkill Cent. School Dist.,* 201 AD2d 780, 781 [triable issue of fact regarding whether any negligence on the part of the defendant created a dangerous condition beyond the dangers, normally associated with pole vaulting]).

In our view, the record here amply supports Supreme Court's finding that plaintiff assumed the risk involved as a matter of law. Plaintiff had skied the course in question at least three times prior to his accident. He was able to see where the slalom course was set up in relation to the edge of the trail and the trees which were located beyond the limits of the trail itself. The trail, the slalom course and the trees were precisely what they appeared to be, the risks involved were perfectly obvious and plaintiff, in skiing the course, consented to them *(see, Turcotte v Fell,* 68 NY2d 432, 439). Accordingly, Supreme Court properly granted defendant's motion for summary judgment dismissing the complaint.

Cardona, P. J., Mikoll, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is affirmed, with costs.