■ JOANNE R. JORDAN, Appellant, v MAPLE SKI RIDGE, INC., et al., Defendants, and KIRSTEN RUGLIS et al., Respondents. [645 NYS2d 598] —Peters, J. Appeal from an order of the Supreme Court (Canfield, J.), entered July 17, 1995 in Rensselaer County, which granted a motion by defendants Kirsten Ruglis and Schenectady Ski School, Ltd. for summary judgment dismissing the complaint against them.

Plaintiff was injured in January 1993 while taking the fourth of a series of ski lessons from defendant Kirsten Ruglis, who was employed by defendant Schenectady Ski School, Ltd. (hereinafter Ski School) at the Maple Ridge Ski area in Schenectady County. In connection therewith, plaintiff rented all of her equipment from the ski shop at Maple Ridge which was owned and operated by defendant Maple Ski Ridge, Inc. (hereinafter Maple), an entity owned exclusively by defendant George Mulyca.

Plaintiff contends that after descending the hill under the instruction of Ruglis, her left foot inexplicably released from the binding. She realized that she was skiing on only one ski and then "felt [her] right ski turning back upward, inward toward the hill", thus precipitating her fall. As a result thereof, she sustained a fracture and ligament damage to her right ankle.

Plaintiff thereafter commenced this action against Maple, Mulyca, Ski School and Ruglis alleging negligence, breach of warranty and breach of contract. After joinder of issue, Ruglis and Ski School (hereinafter collectively referred to as defendants) moved for summary judgment as to all claims against them contending, *inter alia*, that they had no involvement in the renting, adjustment or maintenance of the ski equipment furnished to plaintiff and that since she voluntarily participated in the sport of skiing, she must be held to have assumed the risks inherent in that sport. Supreme Court granted defendants' motion and plaintiff now appeals.

The gravamen of plaintiff's complaint against defendants is that they had a duty to inspect and, in some manner, supervise her on the proper inspection and maintenance of her allegedly defective and unsafe rental equipment. Thus, in support of their motion for summary judgment (*see, Zuckerman v City of New York*, 49 NY2d 557), defendants submitted both the affidavit and deposition testimony of Frederica Anderson, president of Ski School. Therein, Anderson explains that the Ski School is not at all affiliated with Maple, has no agreement with it regarding the rental of equipment to students and has no part in insuring that the rental equipment, or any other

equipment used by its students, operates properly. These statements were corroborated by Ruglis through affidavit and deposition testimony, wherein she stated that she was never present when plaintiff acquired, rented or otherwise obtained the ski equipment she utilized. Ruglis further explained that when plaintiff previously had a problem with her equipment, she advised plaintiff to go back to the ski shop to get the problem corrected. Ruglis confirmed that although general safety issues were taught, with respect to equipment students were simply instructed on how to put on their skis. Those who owned their own equipment were advised to have their bindings checked regularly.

In response thereto, plaintiff failed to proffer any evidence that Ski School or Ruglis had an affiliation with Maple's rental business or had a duty to inspect or warn students about the potential dangers of the equipment they used. In failing to submit evidentiary proof, in admissible form, sufficient to raise a triable issue of fact or a sufficient excuse for the failure to do so (*see, Zuckerman v City of New York, supra,* at 560; *Crage v Kissing Bridge Ski Area,* 186 AD2d 987, 988, *lv denied* 81 NY2d 702), we find that Supreme Court properly dismissed these claims.

As to Supreme Court's determination that plaintiff assumed the risk of injury in undertaking an inherently dangerous activity, again we must agree. It is well settled that "[v]oluntary participants in the sport of downhill skiing assume the inherent risks of personal injury caused by, among other things, terrain, weather conditions, ice, trees and man-made objects that are incidental to the provision or maintenance of a ski facility" (*Fabris v Town of Thompson,* 192 AD2d 1045, 1046; *see, Dicruttalo v Blaise Enters.,* 211 AD2d 858; *Nagawiecki v State of New York,* 150 AD2d 147). With defendants contending that plaintiff was injured as a result of icy conditions, it became incumbent upon plaintiff to establish that her injuries were caused by some factor other than the risks she assumed by engaging in this sport (*see, Fabris v Town of Thompson, supra; Nagawiecki v State of New York, supra*).

Notwithstanding plaintiff's assertions that her injuries were caused by defective ski equipment, which therefore created an enhanced risk not assumed by voluntary participants in the sport of downhill skiing (*see, Fabris v Town of Thompson, supra*), we find no evidence proffered which would so indicate. Even assuming, arguendo, that plaintiff had tendered admissible proof showing the binding to be defective and/or obsolete, our determination would remain unchanged since defendants

clearly established that they were not involved in the rental, inspection, maintenance or adjustment of any ski equipment (*see, Crage v Kissing Bridge Ski Area*, 186 AD2d 987, 988, *supra*). Under such circumstances, defendants would not be responsible for any increased risk to which plaintiff may have been exposed.

As to all other contentions raised, we have reviewed them and find them to be either without merit or abandoned on appeal.

Cardona, P. J., Mercure, White and Casey, JJ., concur. Ordered that the order is affirmed, with costs.