■ RICHARD VANDERWALL, Appellant, v TROSER MANAGEMENT, INC., Doing Business as SKI BRISTOL MOUNTAIN, Respondent. [665 NYS2d 492] —Judgment unanimously affirmed with costs. Memorandum: Supreme Court properly charged the jury concerning express assumption of the risk. Contrary to defendant's contention, plaintiff preserved for our review his objection to the charge on the ground that he was unaware of the specific risk at issue. Plaintiff was injured when he skied into an unmarked drainage ditch that ran across defendant's ski slope. A few months before his injury, plaintiff signed a ski pass application containing the requisite "Warning to Skiers" (*see*, General Obligations Law § 18-106 [1] [a]; 12 NYCRR 54.5 [*l*] [1], [3]), which, after enumerating a number of specific dangers, also warned skiers of "other natural objects, or man-made objects that are incidental to the provision or maintenance of a ski facility in New York State." At trial, plaintiff admitted that he had read and understood that written warning. The evidence at trial established that the drainage ditch in question was necessary for the maintenance of a ski facility. We conclude that the court properly submitted to the jury the issue whether the language in the ski pass application encompassed the risk plaintiff is said to have assumed by reading, understanding and signing the application (*see, Arbegast v Board of Educ.*, 65 NY2d 161, 171; *see also, Fabris v Town of Thompson*, 192 AD2d 1045, 1046-1047).

Plaintiff failed to preserve for our review his contention that the jury charge concerning express assumption of the risk was contrary to public policy, as established by General Obligations Law § 5-326; he contends that the statutory "Warning to Skiers" as applied here had the effect of providing defendant with immunity for all risks, enumerated or not. In any event, the contention is without merit. In this case, the bar against total disclaimers of liability by places of public amusement or recreation set forth in General Obligations Law § 5-326 must be interpreted in light of the statute and regulations providing for the "Warning to Skiers" (*see*, General Obligations Law § 18-106 [1] [a]; 12 NYCRR 54.5 [*l*] [1], [3]). Under the circumstances of this case, the jury could rationally have found that the language of the ski pass application encompassed the actual risk that caused plaintiff's injury and thus that General Obliga-

tions Law § 5-326 is not implicated. (Appeal from Judgment of Supreme Court, Ontario County, Harvey, J.—Negligence.) Present—Lawton, J. P., Hayes, Doerr, Balio and Fallon, JJ.