■ Rose Y. Simoneau et al., Appellants, v State of New York, Respondent. [669 NYS2d 972] —Yesawich Jr., J. Appeal from a judgment of the Court of Claims (Benza, J.), entered December 23, 1996, upon a decision of the court following a bifurcated trial in favor of the State on the issue of liability.

This action has its origin in an accident that occurred at a State-run skiing facility. Claimant Rose Y. Simoneau (hereinafter claimant), who was struck by a chair lift, fell on one of the two-by-four inch wooden boards delineating the

edges of a ramp that guided skiers toward the lift boarding area, and fractured her hip. Following the liability portion of a bifurcated trial, the Court of Claims granted the State's motion to dismiss the claim, finding, *inter alia*, that claimant had assumed the risks inherent in the sport of downhill skiing, including those involved in boarding a chair lift, and that her injuries had therefore not been caused by any breach of duty on the State's part. Claimant and her spouse, who has a derivative claim, appeal.

We affirm. The record evidence establishes that the wooden guide rail upon which claimant fell was "incidental to the provision or maintenance of [the] ski facility" (*Fabris v Town of Thompson*, 192 AD2d 1045, 1046; *see*, General Obligations Law § 18-101), as it served the dual purposes of channeling the skiers into position to board the lift, and keeping snow on the approach ramp (where it aided skiers in moving toward the boarding area) and off the remaining portions of the platform (so as to decrease the lift operators' risk of slipping). It is not disputed that the rail was visible and obvious to skiers approaching the lift boarding area. Claimant, who had skied for 20 years and had ridden this chair lift several times that day, does not suggest that she was unaware of the need to pay close attention when boarding the lift, or of the general risks involved in that activity, including that of being struck by a chair.

Although claimants' expert opined that the exposed two-by-fours were unduly hazardous, and that the benefits they provided could be achieved in other, safer ways, the evidence did not demonstrate that the State's use of these wooden rails deviated from the general custom or standard in the industry. To the contrary, claimant's expert admitted that the same system was employed by a ski area in Wyoming, and the State submitted photographic and testimonial evidence of its use in at least one other facility.

Moreover, as the Court of Appeals has recently reaffirmed, in assessing whether one injured in the course of participating in a sporting or recreational event had assumed the risk posed by an assertedly dangerous condition, the critical inquiry is whether that condition is "unique", constituting a hazard " 'over and above the usual dangers that are inherent in the sport' " (*Morgan v State of New York*, 90 NY2d 471, 485, quoting *Owen v R.J.S. Safety Equip.*, 79 NY2d 967, 970). While recovery may still be had for damages resulting from exposure to "unreasonably increased risks" (*id.*, at 485; *see*, *Owen v R.J.S. Safety Equip.*, *supra*, at 970), the mere fact that a defendant "could feasibly have provided safer conditions" (*Verro v New York*

*Racing Assn.,* 142 AD2d 396, 400, *lv denied* 74 NY2d 611; *see, Nagawiecki v State of New York,* 150 AD2d 147, 150) is beside the point, where, as here, the risk is open and obvious to the participant, taking into consideration his or her level of experience and expertise (*see, Morgan v State of New York, supra,* at 485-486; *see, Maddox v City of New York,* 66 NY2d 270, 278), and is an intrinsic part of the sport (*see, Morgan v State of New York, supra,* at 484).

On this record, taken as a whole, it was not inappropriate for the Court of Claims to find that defendant's use of two-by-fours did not "unreasonably increase" the risks associated with boarding the chair lift, and that those risks—including that of falling on a guide rail after being struck by a chair—inhere in the sport of downhill skiing and, being open and obvious to those utilizing the lift, were assumed by claimant when she elected to participate in that activity. Under these circumstances, defendant fulfilled its duty of making the conditions "as safe as they appeared to be" (*Giordano v Shanty Hollow Corp.,* 209 AD2d 760, *lv denied* 85 NY2d 802; *see, Dicruttalo v Blaise Enters.,* 211 AD2d 858, 859; *Calabro v Plattekill Mt. Ski Ctr.,* 197 AD2d 558, 559, *lv denied* 83 NY2d 754); hence, the claim was properly rejected. We have examined those of claimants' other arguments that have any foundation in the record and find them devoid of substance.

Mikoll, J. P., Mercure, Crew III and White, JJ., concur. Ordered that the judgment is affirmed, without costs.