■ Henry Duncan, Respondent, v Ellen Kelly, Appellant. [671 NYS2d 841] —Mercure, J. Appeal from an order of the Supreme Court (Canfield, J.), entered March 3, 1997 in Rensselaer County, which denied defendant's motion for summary judgment dismissing the complaint.

Plaintiff commenced this action to recover for injuries he sustained when he and defendant collided while both of them were skiing at Bromley Mountain, a ski area in Manchester, Vermont. Following joinder of issue and discovery, defendant moved for summary judgment dismissing the complaint upon the ground that her conduct was not reckless or intentional as a matter of law. Supreme Court denied the motion and defendant now appeals.

We affirm. As a threshold matter, we note our disagreement with defendant's central legal assumption that plaintiff may prevail in the action only if he establishes defendant's conduct to have been either reckless or intentional. Rather, it is our view that a recovery by plaintiff may be predicated upon a showing of ordinary negligence on defendant's part. Although

an individual who participates in downhill skiing assumes the usual risks inherent in that activity (*see, Jordan v Maple Ski Ridge*, 229 AD2d 756, 757; *Dicruttalo v Blaise Enters.*, 211 AD2d 858, 859; *Fabris v Town of Thompson*, 192 AD2d 1045, 1046), including the risk of personal injury caused by other persons using the facilities (General Obligations Law § 18-101 [1]), both this Court and the Court of Appeals have included another participant's negligence (together with the more obvious reckless or intentional conduct) within the range of risks that will not be assumed by a voluntary participant in a sporting activity (*see, Morgan v State of New York*, 90 NY2d 471, 485; *Martin v Luther*, 227 AD2d 859, 860; *but see, Kaufman v Hunter Mtn. Ski Bowl*, 240 AD2d 371, *lv denied* 91 NY2d 805). Consistent with that view, the Legislature has undertaken to define a skier's duties, requiring (as relevant here) all skiers "[t]o remain in constant control of speed and course at all times while skiing so as to avoid contact with * * * other skiers * * * [and] [n]ot to overtake another skier in such a manner as to cause contact with the skier being overtaken and to yield the right-of-way to the skier being overtaken" (General Obligations Law § 18-105 [4], [9]). Fundamentally, "[w]hen a statute, in the interest of the general public, defines the degree of care to be used under specified circumstances, it * * * defines a duty enforceable in a common-law negligence action" (1A NY PJI 2:25, at 217 [3d ed 1998]).

Although defendant's deposition testimony tends to absolve her of any culpability for the collision, it is our view that the record contains contrary evidence sufficient to raise a material question of fact as to whether defendant's conduct was negligent (*see, Friends of Animals v Associated Fur Mfrs.*, 46 NY2d 1065, 1067). Notably, plaintiff testified at an examination before trial that, at the time of the collision, he had just reached the bottom of a trail and was right beside a chairlift, proceeding very slowly in what he described as "an area of great caution", preparing to go through the gate to the lift. All of a sudden, he was struck from behind by defendant. Although plaintiff did not observe defendant as she approached him, at the last moment plaintiff caught sight of her over his shoulder and saw her flying through the air with a ski up in the air such that it struck him across his back. If believed, plaintiff's version could support a finding that defendant was negligent in her failure to yield to plaintiff as she overtook him. We also note that defendant struck plaintiff with sufficient force to cause him to sustain a fractured clavicle, a number of fractured ribs and a punctured lung.

Under the circumstances, we conclude that Supreme Court did not err in denying defendant's summary judgment motion.

Cardona, P. J., Mikoll, Crew III and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, with costs.