■ SHERRY SANDLER, an Infant, by Her Mother and Natural Guardian, HELENA SANDLER, et al., Respondents, v HALF HOLLOW HILLS WEST HIGH SCHOOL et al., Defendants, and LINDENHURST UNIFIED SCHOOL DISTRICT, Appellant. [672 NYS2d 120] —In a negligence action to recover damages for personal injuries, etc., the defendant Lindenhurst Unified School District appeals from an order of the Supreme Court, Suffolk County (D'Emilio, J.), dated March 11, 1997, which denied its motion for sum-

mary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the appellant, and the action against the remaining defendants is severed.

In September 1993, the injured plaintiff, then a 15-year-old high school sophomore attending Half Hollow Hills High School East, participated in a junior varsity field hockey match against a team from the appellant Lindenhurst Unified School District (hereinafter Lindenhurst). While she was controlling the ball and attempting to score, apparently one or more members of the Lindenhurst team came into contact with her causing her to fall and sustain injuries.

Contrary to the conclusion of the Supreme Court, by voluntarily participating in such an athletic contest, the plaintiff assumed the risks of injury which were clearly forseeable consequences of participation (*see, Morgan v State of New York,* 90 NY2d 471; *Arbegast v Board of Educ.,* 65 NY2d 161; *Castellanos v Nassau / Suffolk Dek Hockey,* 232 AD2d 354; *Greenberg v North Shore Cent. School Dist. No. 1,* 209 AD2d 669; *Cassese v Ramapo Ice Rinks,* 208 AD2d 488; *Adamczak v Leisure Rinks Southtown,* 170 AD2d 951). The plaintiff's lack of experience does not preclude her from assuming a risk of injury that is so very apparent and inherent in a contest involving two teams of players running across a grass field competing for control of a ball (*see, Steegmuller v Siegel,* 202 AD2d 855; *see also, Rosenblatt v Kahn,* 245 AD2d 438; *Kleiner v Commack Roller Rink,* 201 AD2d 462). Accordingly, the appellant's motion should have been granted.

We have reviewed the plaintiffs' remaining contentions and find them to be without merit. Rosenblatt, J. P., Miller, Ritter and Sullivan, JJ., concur.