[878 NYS2d 823]

Wıllıam C. Martın et al., Individually and as Parents of Brian W. Martın, an Infant, Appellants, v State of New York et al., Respondents. (Claim No. 111558.)

Third Department, May 14, 2009

## APPEARANCES OF COUNSEL

*Girvin & Ferlazzo, P.C.*, Albany (*Salvatore D. Ferlazzo* of counsel), for appellants.

*Andrew M. Cuomo, Attorney General*, Albany (*Frank K. Walsh* of counsel), for respondents.

## OPINION OF THE COURT

MERCURE, J.P.

In February 2005, Brian Martin, a 17-year-old self-described expert skier with 13 years of experience, lost his balance and fell on his second attempt to slide across a rail in the Lower Valley Terrain Park at Whiteface Mountain, which is operated by defendant New York State Olympic Regional Development Authority.* As a result of the fall, Martin struck a vertical support post and sustained injuries to his lower left leg. Claimants, individually and as Martin's parents, commenced this action alleging that defendants negligently failed to safely construct and maintain the rail on which Martin was injured. Following joinder of issue, defendants moved for summary judgment, asserting that the doctrine of primary assumption of risk bars the claim. The Court of Claims granted defendants' motion and dismissed the claim, prompting this appeal.

We affirm. Claimants argue that the doctrine of primary assumption of risk is inapplicable here because the rail at issue was defective and unreasonably dangerous—and, thus, presented an increased risk beyond that inherent in the sport. Claimants assert that the rail lacked a standard industry safety feature, i.e., safety skirting. Claimants further assert that Martin had no opportunity to observe the lack of skirting on the rail because a mound of snow located immediately in front of the rail concealed its condition from approaching skiers. In any event, claimants maintain that Martin was unable to appreciate the risks associated with the lack of skirting.

The doctrine of primary assumption of risk provides that participants in sporting or recreational activities "may be held

---

* A rail slide is a maneuver in which a skier or snowboarder slides from one end of an elevated, horizontal steel bar to the other before dismounting.

to have consented, by their participation, to those injury-causing events which are known, apparent or reasonably foreseeable consequences of the participation" (*Turcotte v Fell*, 68 NY2d 432, 439 [1986]; *see Morgan v State of New York*, 90 NY2d 471, 484 [1997]; *see also* General Obligations Law § 18-106 ["recogniz(ing) that skiing is a voluntary activity that may be hazardous regardless of all feasible safety measures that can be undertaken by ski area operators"]). "[A]ssumption of risk in this form is really a *principle of no duty*" (*Morgan v State of New York*, 90 NY2d at 485 [internal quotation marks and citation omitted]); that is, a "[d]efendant's duty under such circumstances is [solely] a duty to exercise care to make the conditions as safe as they appear to be. If the risks of the activity are fully comprehended *or perfectly obvious*, [the] plaintiff has consented to them and [the] defendant has performed its duty" (*Turcotte v Fell*, 68 NY2d at 439 [emphasis added and citations omitted]; *accord Morgan v State of New York*, 90 NY2d at 484; *Roberts v Boys & Girls Republic, Inc.*, 51 AD3d 246, 248 [2008], *affd* 10 NY3d 889 [2008]; *Hyland v State of New York*, 300 AD2d 794, 794-795 [2002], *lv denied* 100 NY2d 504 [2003]). While a participant does not assume "concealed or unreasonably increased risks" or "unique and . . . dangerous condition[s] over and above the usual dangers that are inherent in the sport" (*Morgan v State of New York*, 90 NY2d at 485 [internal quotation marks and citations omitted]), the doctrine extends to "risks engendered by less than optimal conditions, provided that those conditions are open and obvious and that the consequently arising risks are readily appreciable" (*Roberts v Boys & Girls Republic, Inc.*, 51 AD3d at 248). Under such circumstances, it is irrelevant that a defendant "could feasibly have provided safer conditions" (*Verro v New York Racing Assn.*, 142 AD2d 396, 400 [1989], *lv denied* 74 NY2d 611 [1989]; *accord Simoneau v State of New York*, 248 AD2d 865, 866 [1998]; *see Roberts v Boys & Girls Republic, Inc.*, 51 AD3d at 250-251; *Hyland v State of New York*, 300 AD2d at 796; *Nagawiecki v State of New York*, 150 AD2d 147, 150 [1989]).

Assessing Martin's appreciation of the risk against the background of his skill and experience level (*see Morgan v State of New York*, 90 NY2d at 486; *Sharrow v New York State Olympic Regional Dev. Auth.*, 307 AD2d 605, 607 [2003]), we conclude that Martin assumed the risk associated with the rail at issue. Video submitted by claimants demonstrates that the lack of skirting on the rail was open and obvious. While

claimants assert that the lack of skirting was concealed by the entry ramp to the rail, such ramps—which are necessary to gain the momentum to propel oneself across the rail—are common features of rails and, therefore, cannot be said to unreasonably increase the risk inherent in rail sliding. Moreover, Martin had visited terrain parks and attempted rail slides on more than 10 prior occasions, and had successfully slid across the rail in question approximately one hour prior to the accident. He further acknowledged that he had fallen numerous times while rail sliding, and that he was aware that some rails had skirting, although he believed the purpose of skirting to be merely for style or advertising.

Given Martin's experience—including his prior falls during rail slides, his prior use of this particular rail and observation that only some rails had skirting—and expert skill level, we conclude that Martin knew or should have known that falling and impacting an exposed vertical support post was a reasonably foreseeable consequence of performing a rail slide (*see Trevett v City of Little Falls*, 6 NY3d 884, 885 [2006]; *Roberts v Boys & Girls Republic, Inc.*, 51 AD3d at 251-252; *Hyland v State of New York*, 300 AD2d at 796; *Simoneau v State of New York*, 248 AD2d at 866-867; *cf. Sharrow v New York State Olympic Regional Dev. Auth.*, 307 AD2d at 608). Claimants presented no evidence that Martin was prevented in any way from inspecting the condition of the rail before approaching the ramp to begin his slide; rather, claimants' video demonstrates that even a cursory glance would have revealed the lack of skirting on the rail (*cf. Rios v Town of Colonie*, 256 AD2d 900, 901 [1998]). Indeed, not only do claimants' submissions establish that the risk of a fall and contact with some portion of the rail was open and obvious, it is evident that

> "[a] fall was foreseen as one of the risks of the adventure [and] [t]here would have been no point to the whole thing, no adventure about it, if the risk had not been there . . . One who takes part in such a sport accepts the dangers that inhere in it so far as they are obvious and necessary" (*Murphy v Steeplechase Amusement Co.*, 250 NY 479, 481-482 [1929]; *see Morgan v State of New York*, 90 NY2d at 486).

While claimants place great emphasis on Martin's inability to perceive the risk associated with the lack of skirting on the rail, his failure to notice whether this particular rail had skirting

and his subjective belief regarding the purpose of skirting are not dispositive inasmuch as "[i]t is not necessary . . . that the injured [person] have foreseen the exact manner in which his or her injury occurred" (*Maddox v City of New York*, 66 NY2d 270, 278 [1985]; *see Tremblay v West Experience*, 296 AD2d 780, 781 [2002]; *see also Lincoln v Canastota Cent. School Dist.*, 53 AD3d 851, 852 [2008]; *Hyland v State of New York*, 300 AD2d at 795; *Giordano v Shanty Hollow Corp.*, 209 AD2d 760, 760-761 [1994], *lv denied* 85 NY2d 802 [1995]; *Nagawiecki v State of New York*, 150 AD2d at 149-150). Finally, the affidavit of claimants' expert was insufficient to raise a triable issue of fact inasmuch as the expert opined only that skirting was a widely recognized, prevalent safety feature and that it was becoming "increasingly uncommon" to see rails without skirting at the time of the accident; claimants presented no evidence that the industry or any regulating body had adopted any standards regarding the use of skirting on rails or that ski parks normally adhered to the practice of placing skirting on all rails, including low difficulty rails such as that at issue (*see Honohan v Turrone*, 297 AD2d 705, 706 [2002]; *Papa v Russo*, 279 AD2d 744, 746 [2001], *lv denied* 99 NY2d 507 [2003]). In short, inasmuch as defendants established prima facie that the rail was as safe as it appeared to be and claimants failed to create a question of fact in that regard, the Court of Claims properly granted defendants' motion for summary judgment dismissing the claim.

Spain, Kavanagh, Stein and McCarthy, JJ., concur.

Ordered that the judgment is affirmed, without costs.