# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**56**
**CA 15-01079**
PRESENT: SMITH, J.P., CARNI, LINDLEY, AND DEJOSEPH, JJ.

---

ADAM DAILEY, PLAINTIFF-RESPONDENT,

       V            MEMORANDUM AND ORDER

LABRADOR DEVELOPMENT CORP., DEFENDANT-APPELLANT.

---

CHEROUTES ZWEIG, PC, HAMBURG (STEVEN M. ZWEIG OF COUNSEL), FOR DEFENDANT-APPELLANT.

STANLEY LAW OFFICES, LLP, SYRACUSE (BRIANNE CARBONARO OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

---

  Appeal from an amended order of the Supreme Court, Onondaga County (Donald A. Greenwood, J.), entered September 22, 2014. The amended order denied the motion of defendant for summary judgment dismissing the complaint.

  It is hereby ORDERED that the amended order so appealed from is unanimously affirmed without costs.

  Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained when he was downhill skiing on defendant's premises. The accident occurred when plaintiff lost control while skiing down a trail, fell to the ground, slid down the mountain for approximately 15 to 30 feet, and collided headfirst into a metal pole of a snowmaking machine. Although there was padding on the upper portion of the pole, plaintiff collided with the lower, unpadded portion of the pole. Defendant moved for summary judgment dismissing the complaint on the ground that plaintiff assumed the risks associated with the sport of skiing. We agree with plaintiff that Supreme Court properly denied the motion. We note at the outset that General Obligations Law § 18-107 provides that, "[u]nless otherwise specifically provided in this article, the duties of skiers, passengers, and ski operators shall be governed by common law" and, contrary to defendant's contention, the precise circumstances of plaintiff's accident are not covered by article 18 of the General Obligations Law. Thus, the common law applies where, as here, plaintiff is alleging the negligent placement and inadequate padding of defendant's snowmaking machines, a condition not "specifically addressed by the statute" (*Sytner v State of New York*, 223 AD2d 140, 143).

  It is well settled under the common law that "[v]oluntary participants in the sport of downhill skiing assume the inherent risks

of personal injury caused by, among other things, terrain, weather conditions, ice, trees and man-made objects that are incidental to the provision or maintenance of a ski facility" (*Fabris v Town of Thompson*, 192 AD2d 1045, 1046).  Here, although defendant met its initial burden by establishing that the accident was caused by the inherent risks in the sport of downhill skiing, plaintiff raised a triable issue of fact by submitting the affidavit of his expert (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324).  Plaintiff's expert asserted therein that the snowmaking machine was on the ski trail and was insufficiently padded, thus raising an issue of fact whether defendant "failed to maintain its property in a reasonably safe condition" (*Basilone v Burch Hill Operations*, 199 AD2d 779, 780; *see Fabris*, 192 AD2d at 1046-1047; *cf. Bennett v Kissing Bridge Corp.*, 17 AD3d 990, 990-991, *affd* 5 NY3d 812).

Entered:  February 11, 2016                     Frances E. Cafarell
                                                Clerk of the Court