■ NATALIE BRUNO, Respondent, v HUNTER MOUNTAIN SKI BOWL, INC., Appellant. [670 NYS2d 325] —In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Queens County (Durante, J.), entered May 19, 1997, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the defendant's motion is granted, and the complaint is dismissed.

The plaintiff was injured while downhill skiing. She acknowledges that she saw snowmaking machines on her first run down the mountain and experienced impairment of vision as she passed through the plume (spray) emanating from those machines. She purchased goggles to try to alleviate the problem prior to her second run down the mountain. On her second run, the plaintiff was momentarily blinded while passing through the plume of a snowmaking machine, thrown off balance, hit a rock wall, and suffered injuries.

"[B]y engaging in a sport or recreational activity, a participant consents to those commonly appreciated risks which are inherent in and arise out of the nature of the sport generally and flow from such participation" (*Morgan v State of New York*, 90 NY2d 471, 484). One of the risks of skiing is injury resulting from the use of snowmaking equipment (*see,* General Obligations Law § 18-101; *Giordano v Shanty Hollow Corp.*, 209 AD2d 760, 761). The plaintiff was admittedly aware of the use of snowmaking equipment on the trail, as well as the fact that the plume generated by the machines could impair her vision. Accordingly, the plaintiff was aware of and assumed the very risk which caused her injuries. Sullivan, J. P., Pizzuto, Santucci and Goldstein, JJ., concur.