■ CONSTANCE A. RIGANO, Individually and as Executor of GEORGE RIGANO, Deceased, Appellant, v SKI WINDHAM CORP.,

Respondent, et al., Defendant. [688 NYS2d 157] —In an action to recover damages for the wrongful death of her husband, the plaintiff appeals from a judgment of the Supreme Court, Suffolk County (Floyd, J.), entered December 15, 1997, which, upon a jury verdict, is in favor of the defendant Ski Windham Corp. and against her dismissing the complaint insofar as asserted against that defendant.

Ordered that the judgment is affirmed, with costs.

The plaintiff's husband sustained fatal injuries in a skiing accident on property owned and operated by the respondent. The plaintiff contends that the court erred in failing to submit to the jury an essential issue of the case, i.e., whether the respondent was negligent in constructing and failing to maintain a barrier fence where the accident occurred after notice of a similar accident. We disagree. The verdict sheet reflected the central issues of the case (*see, e.g., Rigano v Coram Bus Serv.,* 226 AD2d 274). The plaintiff failed to establish a prima facie case that the respondent's barrier fence was defective. Accordingly, submission to the jury of her proffered theory of liability concerning the respondent's notice of the alleged defect was not warranted (*see, Davis v Caldwell,* 54 NY2d 176; *Fallon v Damianos,* 192 AD2d 576).

The admission of reports of accidents during that ski season were relevant to, *inter alia,* the plaintiff's allegations of the dangerous conditions of the slope, and therefore was proper. In addition, the plaintiff's claim that the trial court charged the jury on irrelevant statutory provisions is belied by the record. The plaintiff's own expert read several of those provisions in open court and most of the statutory provisions related to the trial evidence. The only irrelevant subsection charged, relating to a skier's duties, did not prejudice the plaintiff. O'Brien, J. P., Sullivan, Joy and Krausman, JJ., concur.