■ HANS J. RUEPP, Respondent, v WEST EXPERIENCE, INC., et al., Appellants. [706 NYS2d 787] —Carpinello, J. Appeal from an order of the Supreme Court (Williams, J.), entered October 7, 1999 in Saratoga County, which denied defendants' motion for summary judgment dismissing the complaint.

On the night of February 20, 1995, plaintiff was skiing at West Mountain in Warren County when he encountered a depression in the trail, causing him to flip over and sustain an injury to his shoulder. Plaintiff was a regular skier having skied as a teenager and having resumed the activity in the preceding two-year period. Indeed, he skied at an intermediate level and readily acknowledged that he had skied West Mountain approximately six to eight times during the 1994-1995 ski season alone.

The trail on which plaintiff was injured was illuminated by spotlights lining its entire right side. Approximately 100 yards from the ski lift, the trail temporarily forked into two paths, separated by a clump of trees. The accident occurred on a run in which plaintiff veered left at this fork. According to plaintiff, he was unable to see the one-foot depression in the trail because a shadow was cast by the island of trees. Plaintiff's former wife, with whom he was skiing that night, testified at a pretrial deposition that the subject trail was "well lit" on both sides of these trees but confirmed that a shadow was cast on the left side by the trees. She compared the lighting conditions in the shadowed area to lighting conditions at dusk.

Plaintiff commenced this action against defendants alleging

that his accident was caused by their negligence, namely, that they permitted a "defect" to exist on the trail, i.e., a depression which was concealed by insufficient lighting. Defendants sought dismissal of the complaint on the ground that plaintiff assumed the risk of injury by voluntarily participating in the sport of downhill skiing at night. Supreme Court denied the motion, prompting this appeal. We now reverse.

An individual who participates in the activity of downhill skiing assumes the inherent risk of personal injury caused by ruts, bumps or variations in the conditions of the skiing terrain (see, General Obligations Law § 18-101; see also, Jordan v Maple Ski Ridge, 229 AD2d 756, 757; Fabris v Town of Thompson, 192 AD2d 1045, 1046). A hazard which has been unreasonably increased or concealed, however, is not within the range of risks that are assumed (see, Benitez v New York City Bd. of Educ., 73 NY2d 650, 658; Rios v Town of Colonie, 256 AD2d 900). Taking into account the forest environment where the sport of skiing takes place and the time of day chosen by plaintiff in which to ski, the possibility of encountering shadows in an irregular topography was an obvious and inherent risk of night skiing (see, Dicruttalo v Blaise Enters., 211 AD2d 858, 859) and did not unreasonably increase the hazard of a depression in the snow. In our view, plaintiff, who regularly skied, readily acknowledged that skiing is a sport that contains some risk and voluntarily chose to ski at night, assumed the risk of encountering inevitable shadows which might conceal depressions in the terrain (see generally, Morgan v State of New York, 90 NY2d 471; Calabro v Plattekill Mt. Ski Ctr., 197 AD2d 558, lv denied 83 NY2d 754). Because these conditions did not exceed the usual dangers inherent in downhill night skiing, no factual issues exist and defendants' motion for summary judgment should have been granted (see, Osorio v Deer Run Assocs. 1985, 231 AD2d 504, lv denied 89 NY2d 808).

Spain, J. P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted, summary judgment awarded to defendants and complaint dismissed.