■ DOUGLAS PAINTER et al., Appellants, v PEEK'N PEAK RECREATION, INC., et al., Respondents. [769 NYS2d 678]—

Appeal from an order of Supreme Court, Chautauqua County (Gerace, J.), entered December 13, 2002, which, inter alia, granted defendants' motion for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by Douglas Painter (plaintiff) while skiing at defendants' skiing facility. Plaintiff was injured when

his ski came into contact with what he described in his deposition testimony as a "submerged ice divot" and what his wife described in her deposition testimony as being "like a curb." Supreme Court properly granted defendants' motion seeking summary judgment dismissing the complaint based on the affirmative defense of assumption of risk and properly denied plaintiffs' cross motion for summary judgment dismissing that affirmative defense. We reject plaintiffs' contention that General Obligations Law § 18-101 does not include "subsurface ice" as an inherent risk of downhill skiing. Section 18-101 (1) provides that "downhill skiing, like many other sports, contains inherent risks, including, but not limited to, the risks of personal injury or death . . . , which may be caused by variations in terrain or weather conditions; [and] surface or subsurface snow, ice, bare spots or areas of thin cover, moguls, ruts, [or] bumps . . . ." We conclude that the Legislature intended to apply the term "surface or subsurface" to all of the items listed after that term, i.e., snow, ice, bare spots, or areas of thin cover, moguls, ruts or bumps, all of which are conditions that may be encountered by a skier either on the surface of the terrain or below the surface.

Furthermore, "[r]elieving an owner or operator of a sporting venue from liability for inherent risks of engaging in a sport is justified when a consenting participant is aware of the risks; has an appreciation of the nature of the risks; and voluntarily assumes the risks" (*Morgan v State of New York,* 90 NY2d 471, 484 [1997]). Here, plaintiff testified at his deposition that he had nearly 60 years of experience skiing and had considered himself to be an expert skier when he was younger. He further testified that he had skied the slope on which he was injured "hundreds of times." The record establishes herein that "the risks of the activity [were] fully comprehended" by plaintiff (*Turcotte v Fell,* 68 NY2d 432, 439 [1986]; *see Giordano v Shanty Hollow Corp.,* 209 AD2d 760, 760-761 [1994], *lv denied* 85 NY2d 802 [1995]), and thus the court properly determined that plaintiff assumed the inherent risk of the presence of subsurface ice. Present—Pigott, Jr., P.J., Green, Scudder, Kehoe and Hayes, JJ.