■ MICHAEL S. BENNETT et al., Respondents, v KISSING BRIDGE CORPORATION, Appellant. [794 NYS2d 538]—

Appeal from an order of the Supreme Court, Erie County (Peter J. Notaro, J.), entered November 14, 2003. The order denied defendant's motion for summary judgment dismissing the complaint in a personal injury action.

It is hereby ordered that the order so appealed from be and the same hereby is reversed on the law without costs, the motion is granted and the complaint is dismissed.

Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by Michael S. Bennett (plaintiff) when he was downhill skiing on defendant's premises. Supreme Court erred in denying defendant's motion for summary judgment dismissing the complaint (*see Painter v Peek'N Peak Recreation*, 2 AD3d 1289 [2003]). In support of its motion, defendant submitted plaintiff's deposition testimony, wherein plaintiff testified that he initially fell when he skied through slush and "hit a dry spot" in the middle of the Lower Shuttle trail; "slid on the ice" and fell; and slid under a wooden fence to the bottom of a ravine, where he hit a tree and fractured his right leg. Defendant also submitted the deposition testimony of its president, who testified that the purpose of the fence was to serve as a "special warning" to skiers, as well as the deposition testimony of its executive vice-president, who testified that the purpose of the fence was to "delineate the edge of [the] gully." Thus, defendant met its initial burden by submitting evidence establishing as a matter of law that plaintiff's accident was caused by "variations in terrain . . . [and] ice" (General Obligations Law § 18-101 [1]), i.e., that the accident was caused when plaintiff "slid on ice," fell and hit a tree, all of which are inherent risks in the sport of downhill skiing.

In opposition to defendant's motion, plaintiffs failed to raise an issue of fact sufficient to defeat the motion (*see generally*

*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). The dissent relies on an "expert" affidavit submitted by plaintiffs in opposition to defendant's motion. We conclude that there is no basis in the record for the alleged expert's assertion that the purpose of the fence was to serve as a "barrier." Rather, the testimony of defendant's employees establishes that the fence was erected in order to serve as a warning to skiers. Thus, plaintiffs failed to submit evidence sufficient to raise an issue of fact whether defendant "created a dangerous condition over and above the usual dangers inherent in the sport of [downhill skiing]" (*Owen v R.J.S. Safety Equip.*, 79 NY2d 967, 970 [1992]; *see Liccione v Gearing*, 252 AD2d 956 [1998], *lv denied* 92 NY2d 818 [1999]).

All concur except Gorski and Pine, JJ., who dissent and vote to affirm in the following memorandum.

Gorski and Pine, JJ. (dissenting). We respectfully dissent because, in our view, plaintiffs raised an issue of fact to defeat defendant's motion for summary judgment dismissing the complaint. Michael S. Bennett (plaintiff), a skier at defendant's facility, allegedly fell because of ice on the trail and slid toward a barrier fence constructed near the boundary of a hill. According to plaintiffs, the barrier fence was constructed in such a manner that plaintiff was able to slide under it, whereupon he entered a ravine, struck a culvert and sustained his injuries. In opposition to defendant's motion, plaintiffs submitted the affidavit of an expert in the business of design and construction of "ski and other downhill recreation resort facilities including slopes and trails." In addition, the expert was defendant's former employee and thus was familiar with the slope in question. He asserted that the area at issue "was not fenced in a satisfactory and appropriate manner," based on the design of the slope and the installation of a metal culvert ending at the adjacent ravine. He also asserted that the "customary and inexpensive solution was to install a separate section or piece of snow fence that would extend to the ground in the area where the depression existed," thereby eliminating the gap under which plaintiff slid, and that the failure to install "fencing that ran to the ground . . . was contrary to the well-established customs and practices of the ski resort industry."

In the context of sporting and recreational activities, a landowner's duty is to protect participants by making the conditions of the landowner's property " 'as safe as they appear to be' " (*Braun v Davos Resort*, 241 AD2d 533, 533 [1997] [emphasis added], quoting *Turcotte v Fell*, 68 NY2d 432, 439 [1986]). We agree with defendant that plaintiff was a voluntary participant and knew or reasonably should have known the

dangers associated with the sport of downhill skiing, but we conclude that plaintiffs raised an issue of fact whether the barrier fence in question was defectively designed and installed and thus was inadequate under the circumstances (*see Rigano v Coram Bus Serv.*, 226 AD2d 274, 275 [1996]; *cf. Rigano v Ski Windham Corp.*, 259 AD2d 534, 535 [1999]). We do not believe that inadequate fencing is a risk inherent in the sport of downhill skiing (*see generally Lamey v Foley*, 188 AD2d 157, 164 [1993]), nor is it among the enumerated risks set forth in General Obligations Law § 18-101 (1). Thus, in our view, the majority's reliance on General Obligations Law § 18-101 (1) in determining that defendant is entitled to summary judgment dismissing the complaint is misplaced. Present—Pigott, Jr., P.J., Hurlbutt, Gorski, Pine and Hayes, JJ.