HENRY SONTAG et al., Appellants, v HOLIDAY VALLEY, INC., et al., Respondents. [832 NYS2d 705]—

Appeal from an order of the Supreme Court, Erie County (John A. Michalek, J.), entered October 27, 2005 in a personal injury action. The order granted defendants' motion for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking to recover damages for injuries sustained by Henry Sontag (plaintiff) at approximately 6:00 P.M. when he fell while skiing at a ski resort owned and operated by Win-Sum Ski Corp. (defendant). After plaintiff swerved to avoid two skiers in a darkened area at the bottom of the ski trail, he hit two bumps and fell. Plaintiff testified at his deposition that the trail was almost "pitch black" because several of the lights in the area were not illuminated.

Supreme Court properly granted defendants' motion for summary judgment dismissing the complaint. Defendants met their initial burden on the motion by establishing that plaintiff was an experienced skier who had skied at defendant's ski resort more than 100 times over a 30-year period and was sufficiently aware of the inherent risks of downhill skiing, including the risk of injury caused by moguls or bumps in the terrain regardless of whether they could be seen. Defendants thus established that plaintiff assumed the risk of his injury (*see Painter v Peek'N Peak Recreation*, 2 AD3d 1289, 1290 [2003]; *Ruepp v West Experience*, 272 AD2d 673, 674 [2000]; *Bruno v Hunter Mtn. Ski Bowl*, 248 AD2d 660 [1998]). In opposition, plaintiffs failed "to submit evidence sufficient to raise an issue of fact whether defendant[s] 'created a dangerous condition over and above the usual dangers inherent in the sport of [downhill skiing]' " (*Bennett v Kissing Bridge Corp.*, 17 AD3d 990, 991 [2005], *affd* 5 NY3d 812 [2005]). While more light at the bottom of the trail, perhaps by the installation of a backup lighting system, might have made the conditions safer for plaintiff, "the mere fact that a defendant 'could feasibly have provided safer conditions' is beside the point, where, as here, the risk is open and obvious to the participant, taking into consideration his or her level of experience and expertise, and is an intrinsic part of the sport" (*Simoneau v State of New York*, 248 AD2d 865, 866-867 [1998] [citations omitted]; *see Sajkowski v Young Men's Christian Assn. of Greater N.Y.*, 269 AD2d 105, 106 [2000]; *Verro v New York Racing Assn.*, 142 AD2d 396, 400 [1989], *lv denied* 74 NY2d 611 [1989]).

Further, even assuming, arguendo, that plaintiff did not assume the risk of his injury, we conclude that defendants

established as a matter of law that they lacked actual or constructive notice of the alleged inadequate lighting condition. In opposition, plaintiffs failed to raise a triable issue of fact whether defendants created the alleged condition through some affirmative act of misfeasance or whether defendants had notice of the alleged condition (*see Resto v 798 Realty, LLC*, 28 AD3d 388 [2006]). Present—Martoche, J.P., Smith, Lunn, Fahey and Peradotto, JJ.