# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

784.1
CA 11-00020
PRESENT: SMITH, J.P., CENTRA, FAHEY, GORSKI, AND MARTOCHE, JJ.

SUSAN J. MILLER, PLAINTIFF-RESPONDENT,

V                                           MEMORANDUM AND ORDER

HOLIDAY VALLEY, INC. AND WIN-SUM SKI CORP.,
DEFENDANTS-APPELLANTS.

DAMON MOREY LLP, BUFFALO (STEVEN M. ZWEIG OF COUNSEL), FOR
DEFENDANTS-APPELLANTS.

THE BRIAN O'CONNELL, JR. LAW FIRM, PLLC, OLEAN (BRIAN O'CONNELL OF
COUNSEL), FOR PLAINTIFF-RESPONDENT.

-------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Cattaraugus County
(Michael L. Nenno, A.J.), entered October 22, 2010 in a personal
injury action.  The order denied the motion of defendants for summary
judgment dismissing the complaint.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum:  Plaintiff commenced this action seeking to recover
damages for injuries she sustained while skiing at a resort operated
by defendant Win-Sum Ski Corp.  The accident occurred while plaintiff
was riding a chairlift (hereafter, lift) with her 14-year-old son.
Her son's snowboard became entangled with her skis as plaintiff and
her son approached the lift's unloading area and he panicked, exiting
the lift as it reached the point at which skiers typically unloaded
and pulling plaintiff from the lift to the ground in the process.
Defendants did not stop the lift until plaintiff had fallen.
Defendants moved for summary judgment dismissing the complaint on the
ground that plaintiff assumed the risks associated with the sport of
skiing, and they contended in the alternative that any alleged
negligence on defendants' part merely furnished the occasion for the
accident.  We agree with plaintiff that Supreme Court properly denied
the motion.

Addressing first defendants' contention that the court erred in
denying the motion because plaintiff assumed the risks associated with
the sport of skiing, we note that, "[u]nder the doctrine of primary
assumption of risk, a person who voluntarily participates in a
sporting activity generally consents, by his or her participation, to
those injury-causing events, conditions, and risks [that] are inherent
in the activity" (*Cotty v Town of Southampton*, 64 AD3d 251, 253; *see*

generally *Morgan v State of New York*, 90 NY2d 471, 482-486; *Turcotte v Fell*, 68 NY2d 432, 438-440).  As a general matter, an experienced skier assumes the risk of injury caused by, inter alia, variations in terrain and weather conditions that are incidental to the furnishing of a ski area, i.e., the conditions that generally flow from participation in that sport (*see Sontag v Holiday Val., Inc.*, 38 AD3d 1350; *Painter v Peek'N Peak Recreation*, 2 AD3d 1289; *see also* General Obligations Law § 18-101).

"On the other hand, the defendant[s] generally [have] a duty to exercise reasonable care to protect athletic participants from 'unassumed, concealed or unreasonably increased risks' " (*Lamey v Foley*, 188 AD2d 157, 164, quoting *Benitez v New York City Bd. of Educ.*, 73 NY2d 650, 658; *see Morgan*, 90 NY2d at 485), and a plaintiff will not be held to have assumed those risks that are "over and above the usual dangers that are inherent in the sport" (*Morgan*, 90 NY2d at 485; *see Cotty*, 64 AD3d at 255-257; *Lamey*, 188 AD2d at 164).  While "there is undoubtedly some risk of injury inherent in entering, riding and exiting from a chairlift at a ski resort" (*Morgan v Ski Roundtop*, 290 AD2d 618, 620 [hereafter, *Ski Roundtop*]), the use of such a device "is not of such magnitude to eliminate all duty of care and thereby insulate the owner from claims of . . . negligent maintenance and operation of the lift . . . since such negligence may unduly enhance the level of the risk assumed" (*id.*).

Here, defendants met their initial burden on the motion by establishing that plaintiff was a veteran skier familiar with the lift at issue and, indeed, had once fallen while unloading from a lift.  The burden thus shifted to plaintiff "to submit evidence sufficient to raise an issue of fact whether defendant[s] created a dangerous condition over and above the usual dangers inherent in the sport of [downhill skiing]" (*Sontag*, 38 AD3d at 1351 [internal quotation marks omitted]).  Guiding our conclusion in this case that the court properly denied defendants' motion is the decision of the Third Department in *Ski Roundtop*.  There, the injured plaintiff was hurt after she disembarked from a lift and skied into a nearby plywood wall while attempting to avoid a skier who had been seated in the row of chairs immediately in front of the plaintiff and who had fallen in the unloading area (*id.* at 619).  The "[p]laintiffs' major claim against [the cross-moving] defendants [was] that their lift operator was not properly trained and that he negligently failed to stop the lift so that [the] plaintiff could remain seated while the fallen skier exited the unload ramp" (*id.*).  In denying the cross motion of those defendants for summary judgment dismissing the complaint on the basis of assumption of risk, the Third Department reasoned that there were issues of fact whether the operator was properly trained and was negligent in exercising his discretion not to stop the lift (*id.* at 620).

Here, the lift operator failed to stop the lift and prevent the release of plaintiff into the unloading area, resulting in plaintiff's injuries.  Plaintiff's deposition testimony demonstrates that plaintiff and her son were frantically attempting to untangle plaintiff's skis from the snowboard as the lift approached the

unloading area, and that plaintiff's son yelled to her that he was unable to do so.  Plaintiff's expert relied on that testimony as well as other evidence in concluding that the top lift attendant had sufficient time in which to observe plaintiff's distress and to engage in what defendants' night lift operation supervisor characterized as the exercise of judgment to slow or stop the lift.  According to plaintiff's expert, once braked the lift would have come to a stop almost immediately, which would have enabled plaintiff and her son to exit the lift in a safe and controlled manner.

We reject defendants' alternative contention in support of the motion, i.e., that any alleged negligence on the part of the lift operator merely furnished the occasion for the accident.  " 'As a general rule, issues of proximate cause are for the trier of fact' " (*Bucklaew v Walters*, 75 AD3d 1140, 1142).  Even assuming, arguendo, that defendants met their initial burden with respect to that alternative contention (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562), we conclude that the foregoing evidence raises triable issues of fact whether the alleged failure to operate the lift in a safe manner was a proximate cause of the accident (*see generally Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 315, *rearg denied* 52 NY2d 784, 829).

Entered:  June 17, 2011                          Patricia L. Morgan
                                                 Clerk of the Court