*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  October 20, 2016          522405
_____

RON W. SCHORPP et al.,
                    Respondents,

        v                              MEMORANDUM AND ORDER

OAK MOUNTAIN, LLC, et al.,
                    Appellants.
_____


Calendar Date:  September 16, 2016

Before:  Peters, P.J., McCarthy, Garry, Clark and Aarons, JJ.

                    _____


        Roemer Wallens Gold & Mineaux LLP, Albany (Matthew J. Kelly
of counsel), for appellants.

        Horigan, Horigan & Lombardo, PC, Amsterdam (Peter M.
Califano of counsel), for respondents.

                    _____


Aarons, J.

        Appeal from an order of the Supreme Court (Sise, J.),
entered November 5, 2015 in Fulton County, which denied
defendants' motion for summary judgment dismissing the complaint.

        Plaintiff Ron W. Schorpp, a self-described "expert skier,"
was injured while skiing down a trail at defendant Oak Mountain
Ski Center (hereinafter Oak Mountain), which is operated by
defendant Oak Mountain, LLC in the Village of Speculator,
Hamilton County.  Schorpp testified that an Oak Mountain employee
recommended a black-diamond trail to him.  Schorpp and his
daughter planned to ski down this trail and meet his wife and
other children at a subsequent juncture of trails.  Approximately
three quarters of the way down the trail, Schorpp skied into a
"depression" that was filled with snow.  The skis got caught in

the depression causing Schorpp to flip over and fall out of his skis. Schorpp, and his wife derivatively, subsequently commenced this negligence action against defendants. Following joinder of issue and discovery, defendants moved for summary judgment. Supreme Court denied the motion and defendants now appeal. We reverse.

Under the assumption of risk doctrine, a person who elects to engage in a sport or recreational activity "consents to those commonly appreciated risks which are inherent in and arise out of the nature of the sport generally and flow from such participation" (Morgan v State of New York, 90 NY2d 471, 484 [1997]; see Martin v State of New York, 64 AD3d 62, 63-64 [2009], lv denied 13 NY3d 706 [2009]; Youmans v Maple Ski Ridge, Inc., 53 AD3d 957, 958 [2008]). Regarding downhill skiing, an individual "assumes the inherent risk of personal injury caused by ruts, bumps or variations in the conditions of the skiing terrain" (Ruepp v West Experience, 272 AD2d 673, 674 [2000]; see General Obligations Law § 18-101; Hyland v State of New York, 300 AD2d 794, 794-795 [2002], lv denied 100 NY2d 504 [2003]; Dicruttalo v Blaise Enters., 211 AD2d 858, 859 [1995]). The application of the assumption of risk doctrine must be measured "against the background of the skill and experience of the particular plaintiff" (Maddox v City of New York, 66 NY2d 270, 278 [1985]; see Sharrow v New York State Olympic Regional Dev. Auth., 307 AD2d 605, 607 [2003]).

We conclude that defendants satisfied their moving burden by demonstrating that Schorpp assumed the risk of injury associated with downhill skiing (see Jordan v Maple Ski Ridge, 229 AD2d 756, 757 [1996]). Although this was his first time on the particular black-diamond trail, Schorpp had "decades of skiing experience" and had skied at Oak Mountain on a weekly basis prior to his accident. Taking into account his experience and skill level, Schorpp was aware of the risk of injury that could be caused by the depression on the ski slope (see Painter v Peek'N Peak Recreation, 2 AD3d 1289, 1289-1290 [2003]; Ruepp v West Experience, 272 AD2d at 674; Giordano v Shanty Hollow Corp., 209 AD2d 760, 761 [1994], lv denied 85 NY2d 802 [1995]; Calabro v Plattekill Mt. Ski Ctr., 197 AD2d 558, 559 [1993], lv denied 83 NY2d 754 [1994]). In opposition, plaintiffs failed to raise an

issue of fact as to whether defendants concealed or unreasonably increased the risks to which Schorpp was exposed (see Sontag v Holiday Val., Inc., 38 AD3d 1350, 1351 [2007]; Ruepp v West Experience, 272 AD2d at 674).  Accordingly, Supreme Court erred in denying defendants' motion for summary judgment.

Peters, P.J., McCarthy, Garry and Clark, JJ., concur.


ORDERED that the order is reversed, on the law, with costs, and motion granted.


ENTER:

Robert D. Mayberger
Clerk of the Court