Festa v Apex Capital, LLC (2019 NY Slip Op 02853)





Festa v Apex Capital, LLC


2019 NY Slip Op 02853


Decided on April 17, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 17, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JOHN M. LEVENTHAL
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2017-13456
 (Index No. 609203/15)

[*1]Nicolas Festa, etc., et al., respondents,
v
Apex Capital, LLC, appellant.


Roemer Wallens Gold & Mineaux LLP, Albany, NY (Matthew J. Kelly of counsel),
for appellant.
Agoglia, Holland & Agoglia, P.C., Jericho, NY (E. Kevin Agoglia of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Suffolk County (Martha L. Luft, J.), dated October 27, 2017. The order denied the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.
The infant plaintiff, then 12 years old, was snowboarding at West Mountain, a ski area owned and operated by the defendant, when he noticed a mound of artificial snow on the trail, commonly referred to as a "snow whale." Snow whales are intentionally created by ski area operators, as they artificially make snow, in order to both preserve the artificial snow by accumulating it and to create piles for snowboarders to use to jump off.
According to the infant plaintiff, an experienced snowboarder, he approached the snow whale in order to "go up and try to get air." He used the snow whale as a ramp to elevate himself into the air. He went over the top of the snow whale and landed on the downhill side, falling into a 5½-foot crevice.
The infant plaintiff, by his mother and natural guardian, Kristen Festa, and his mother, individually, commenced this action, inter alia, to recover damages for personal injuries. The defendant subsequently moved for summary judgment dismissing the complaint. The motion was denied by the Supreme Court, and the defendant appeals.
"[B]y engaging in a sport or recreational activity, a participant consents to those commonly appreciated risks which are inherent in and arise out of the nature of the sport generally and flow from such participation" (Morgan v State of New York, 90 NY2d 471, 484; see General Obligations Law §§ 18-101, 18-106). While a premises owner owes a duty to exercise due care to make the conditions " as safe as they appear to be,'" if " the risks of the activity are fully comprehended or perfectly obvious, plaintiff has consented to them and defendant has performed its duty'" (Morgan v State of New York, 90 NY2d at 484, quoting Turcotte v Fell, 68 NY2d 432, [*2]439). A skier or snowboarder generally "assumes the inherent risk of personal injury caused by ruts, bumps or variations in the conditions of the . . . terrain" (Schorpp v Oak Mtn., LLC, 143 AD3d 1136, 1137 [internal quotation marks omitted]; see General Obligations Law § 18-101; Bennett v Kissing Bridge Corp., 17 AD3d 990, affd 5 NY3d 812).
Here, the infant plaintiff had snowboarded down trails at the defendant's mountain three days in a row and several times on the day in question. He was injured during his second trip down the ski run in question. While one of the defendant's employees had, on the previous day, placed some warning signs or poles in the vicinity where the accident occurred, the infant plaintiff did not see them. The infant plaintiff testified that he was aware that by "catching air" he could fall and injure himself and that he had fallen on earlier occasions when he caught air. The defendant offered an expert opinion that the use of artificial snow, and the creation of snow piles, is an inherent part of snowboarding in the Northeast region of the United States where the winter weather conditions do not reliably allow for constant snow-making. The defendant demonstrated, through the deposition testimony of its employees and the affidavit of its expert, that the crevice was likely caused by a combination of changing temperatures, natural wet springs in the area, and water draining from the snow whale. Underground springs and surface run-off are common on mountains and can undermine the integrity of the snowpack, resulting in voids, holes, crevices, and sinkholes. The defendant demonstrated that it did not create the crevice and that the crevice was the natural consequence of variations in surface and subsurface snow conditions (see General Obligations Law § 18-101). We conclude that the defendant made a prima facie showing of entitlement to judgment as a matter of law by demonstrating that the infant plaintiff assumed the risk of injury that could be caused by the crevice, and that the defendant did not do anything that unreasonably increased the risk (see Bennett v Kissing Bridge Corp., 5 NY3d 812; Schorpp v Oak Mtn., LLC, 143 AD3d at 1137; Bono v Hunter Mtn. Ski Bowl, 269 AD2d 482, 482-483; cf. Anand v Kapoor, 15 NY3d 946, 948).
In opposition, the plaintiffs failed to raise a triable issue of fact. While the plaintiffs contend that the presence of the crevice was not obvious and the infant plaintiff did not see it, the risks of personal injury caused by terrain and weather conditions are inherent in the sport of snowboarding (see Giordano v Shanty Hollow Corp., 209 AD2d 760, 761). The plaintiffs' reliance upon Sharrow v New York State Olympic Regional Dev. Auth. (307 AD2d 605) is misplaced, as in that case, unlike this one, the injured party sustained injuries when she skied over a man-made jump which was situated in such a manner as to constitute a concealed hazard. In this case, while it may be said that the defendant created the artificial snow that comprised the snow whale and caused the snow to pile, the defendant did not create the crevice and the placement of snow on a snowboarding run is an inherent part of the sport. The plaintiffs failed to adduce evidence to the effect that the crevice itself was created by the defendant or that the crevice was caused by anything other than a natural occurring combination of weather and terrain.
Accordingly, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint.
In light of our determination, we need not reach the defendant's remaining contention.
SCHEINKMAN, P.J., LEVENTHAL, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court