Rooney v Battenkill Riv. Sports & Campground Holding Co., LLC (2022 NY Slip Op 02606)

Rooney v Battenkill Riv. Sports & Campground Holding Co., LLC

2022 NY Slip Op 02606

Decided on April 21, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 21, 2022

533765
[*1]Jessica Rooney, Appellant-Respondent,
v
Battenkill River Sports & Campground Holding Company, LLC, Respondent-Appellant.

Calendar Date:February 10, 2022

Before:Egan Jr., J.P., Clark, Aarons, Reynolds Fitzgerald and McShan, JJ.

Basch & Keegan, LLP, Kingston (Derek J. Spada of counsel), for appellant-respondent.
Mark D. Goris, Cazenovia, for respondent-appellant.

Reynolds Fitzgerald, J.
Cross appeals from an order of the Supreme Court (McGrath, J.), entered July 1, 2021 in Rensselaer County, which granted defendant's motion for summary judgment dismissing the complaint.
In July 2018, plaintiff sustained injuries when she slipped on a rock located on an access path while attempting to access the Battenkill River to go water tubing. Plaintiff subsequently commenced this negligence action against defendant, the company that rented her the tube and shuttled her by van to the river's access point. Following joinder of issue and discovery, defendant moved for summary judgment dismissing the complaint on the basis that defendant did not owe or breach any duty to plaintiff and that plaintiff's claim was barred by the doctrine of primary assumption of risk. Plaintiff opposed the motion arguing, among other things, that defendant was a common carrier and, as such, it owed a duty of care to maintain the access path. Supreme Court found that defendant operated as a common carrier, and that questions of fact existed as to whether the embankment's access path was primarily used for defendant's business and whether defendant assumed a duty of care. Nevertheless, Supreme Court granted defendant's motion and dismissed the complaint, finding that the doctrine of primary assumption of risk applied to bar plaintiff's claims. Plaintiff appeals and defendant cross appeals from those portions of the order that found defendant to be a common carrier and that questions of fact exist as to whether defendant owed plaintiff a duty of care.[FN1]
The gravamen of plaintiff's contention is that the doctrine of primary assumption of risk is inapplicable here because, although she had traversed the at-issue access path on a prior occasion, such activity is not an inherent risk associated with water tubing. "Under the assumption of risk doctrine, a person who elects to engage in a sport or recreational activity consents to those commonly appreciated risks which are inherent in and arise out of the nature of the sport generally and flow from such participation" (Schorpp v Oak Mtn., LLC, 143 AD3d 1136, 1137 [2016] [internal quotation marks and citations omitted]; see Morgan v State of New York, 90 NY2d 471, 484-485 [1997]; Thompson v Windham Mtn. Partners, LLC, 161 AD3d 1366, 1366 [2018]; Youmans v Maple Ski Ridge, Inc., 53 AD3d 957, 958 [2008]). "The duty owed under these circumstances is a duty to exercise care to make the conditions as safe as they appear to be. If the risks of the activity are fully comprehended or perfectly obvious, plaintiff has consented to them and defendant has performed its duty" (Youmans v Maple Ski Ridge, Inc., 53 AD3d at 958 [internal quotation marks and citations omitted]).
In support of its motion, defendant submitted photographs [FN2] of the access path used by plaintiff and the particular rock that plaintiff identified as the one on which she slipped. Defendant also relied on the depositions of plaintiff and Suzanne Piekarz, [*2]the daughter of defendant's owner. Plaintiff's testimony confirmed that she had previously used the same access path on a prior water tubing excursion. Piekarz, who has worked at the business since she was a child, testified that the access path consisted of dry dirt and was not particularly rocky, and that the business did not own or maintain the river's embankment access path. Her testimony also revealed that customers were warned by posted and written materials to walk and not run to the river, and that they assumed the risk for all river water activities, including one sign, which read: "you assume risk of injury and/or death when participating in river activities." Given this evidence, we find that defendant established its prima facie entitlement to judgment as a matter of law that plaintiff, who had prior experience water tubing and who had on a prior occasion used the same access path, assumed the inherent risk of her injuries. The risk of falling on uneven and rocky terrain while traversing the river's embankment to access the river is a commonly appreciated and an obvious risk inherent in and arising out of the nature of the sport of river tubing (see Sara W. v Rocking Horse Ranch Corp., 169 AD3d 1342, 1343-1344 [2019]; Martin v State of New York, 64 AD3d 62, 64 [2009], lv denied 13 NY3d 706 [2009]; Youmans v Maple Ski Ridge, Inc., 53 AD3d at 959).
Thus, the burden shifted to plaintiff to raise a triable issue of fact as to whether defendant concealed or unreasonably enhanced the danger, engaged in reckless or intentional conduct or created conditions that were unique and not inherent in river water sports activities (see Morgan v State of New York, 90 NY2d at 487). Plaintiff testified at her deposition that she previously rented a tube from defendant on two prior occasions and that she was taken by shuttle van to an access point, including on one occasion to the same access point where the accident occurred. Plaintiff recalled receiving documentation to fill out, viewing some warning signs at or near the rental office and receiving some general instructions during the shuttle van ride, but she did not recall any specific discussions, warnings or instructions regarding the access point or how to traverse from the shuttle van down to the river's embankment access path to the river. Plaintiff described the river's embankment access path as a narrow, rocky path that was difficult to navigate while holding a tube. Plaintiff stated that she was wearing flip flops and did not know what caused her to fall. Lastly, plaintiff asserted that when she went river tubing in 2017, the river embankment access path was a much smoother surface consisting of hard packed dirt and gravel.
"One who engages in water sports assumes the reasonably foreseeable risks inherent in the activity" Sartoris v State of New York, 133 AD2d 619, 620 [1987] [citation omitted]), and it is foreseeable that, in order to gain access to the river, plaintiff needed to [*3]traverse down an uneven embankment consisting of rock and gravel. Although plaintiff encountered less than optimal conditions on the river embankment access path in July 2018, the risk of falling on the natural, rocky terrain is interwoven with and inherent in the sport of river water tubing and therefore was assumed by her. Plaintiff's vague and equivocal testimony that defendant unreasonably increased the risk of traversing the path was insufficient to create a question of fact. Moreover, although plaintiff testified that there was no warning sign at the access point, a warning sign is unnecessary as "[t]he duty to warn . . . does not extend to open and obvious dangers — particularly those encompassing natural geographic phenomena which can readily be observed by those employing the reasonable use of their senses" (Arsenault v State of New York, 96 AD3d 97, 101 [2012] [internal quotation marks and citations omitted]). In view of the foregoing, we find that Supreme Court's award of summary judgment to defendant dismissing the complaint was proper (see Martin v State of New York, 64 AD3d at 65; Youmans v Maple Ski Ridge, Inc., 53 AD3d at 959-960).
Egan Jr., J.P., Clark, Aarons and McShan, JJ., concur.
ORDERED that the order is affirmed, without costs.
ORDERED that the cross appeal is dismissed, without costs.

Footnotes

Footnote 1: As Supreme Court granted defendant's motion for summary judgment dismissing the complaint, defendant is not aggrieved by Supreme Court's July 2021 order (see CPLR 5511), and defendant's cross appeal must therefore be dismissed (see Matter of Village Green Hollow, LLC v Assessor of the Town of Mamakating, 145 AD3d 1134, 1135 n 2 [2016]; Maldonado v DiBre, 140 AD3d 1501, 1503 n 3 [2016], lv denied 28 NY3d 908 [2016]). Although defendant's arguments are properly before us as alternative grounds for affirmance, our decision renders them academic (see Ford v Rifenburg, 94 AD3d 1285, 1285 n 1 [2012]; McCormick v Bechtol, 68 AD3d 1376, 1378 n 2 [2009], lv denied 15 NY3d 701 [2010], cert denied 562 US 1063 [2010]).

Footnote 2: Said photographs reflect the position and size of the rock, neither of which is particularly remarkable, and confirm plaintiff's contention that the rocks located on this river access path were "not even."