McQuillan v State of New York (2023 NY Slip Op 03734)

McQuillan v State of New York

2023 NY Slip Op 03734

Decided on July 6, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 6, 2023

534775
[*1]Brenda McQuillan et al., Respondents-Appellants,
v
State of New York, Appellant-Respondent.

Calendar Date:June 5, 2023

Before:Garry, P.J., Lynch, Clark, Aarons and Ceresia, JJ.

Letitia James, Attorney General, Albany (Douglas E. Wagner of counsel), for appellant-respondent.
Lipsitz Green Scime Cambria LLP, Buffalo (John A. Collins of counsel), for respondents-appellants.

Ceresia, J.
Cross-appeals (1) from a decision of the Court of Claims (Diane L. Fitzpatrick, J.), entered December 20, 2021, in favor of claimant, and (2) from the judgment entered thereon.
On July 16, 2016, claimant fractured her fifth toe when, upon entering a natural swimming pool at Robert Treman State Park in Tompkins County, she struck her foot against a rock shelf approximately four inches below the water's surface. Claimant and her spouse, derivatively, commenced this action alleging that defendant negligently caused claimant's injury by, among other things, improperly placing a ladder and signage indicating that the area had a minimum water depth of 12 feet, as well as failing to warn park users of the presence of the rock shelf. Following a bifurcated trial on the issue of liability, the Court of Claims found each party 50% liable — claimant for failing to observe the rock shelf, which was determined to be open and obvious, and defendant for improperly positioning the ladder and sign — and entered an interlocutory judgment to that effect. The parties cross-appeal.
We agree with the Court of Claims that the submerged rock shelf constituted an open and obvious condition. "[F]or a condition to be open and obvious as a matter of law, it must be one that could not be overlooked by any observer reasonably using his or her ordinary senses" (Arsenault v State of New York, 96 AD3d 97, 102 [3d Dept 2012] [internal quotation marks, emphasis and citation omitted]; see Tagle v Jakob, 97 NY2d 165, 170 [2001]). "In this regard, the determination of whether an asserted hazard is open and obvious cannot be divorced from the surrounding circumstances" (Osterhoudt v Acme Mkts., Inc., 214 AD3d 1181, 1181 [3d Dept 2023] [internal quotation marks, brackets and citations omitted]).
The trial evidence established that the swimming area is in a glacially-formed gorge, ringed with unique and irregular rock outcroppings and ledges. In the area of the ladder used by claimant to enter the water, and about four inches under the water, is the rock shelf upon which claimant injured her foot. As to the clarity of the water, the record contains photographs taken by claimant prior to the happening of the incident. These photos, while not depicting the specific area of the rock shelf in question, show swimmers in the water with portions of their bodies visible under the surface. In addition, six lifeguards were on duty on the date of the incident, and their responsibilities included continuously monitoring the water's clarity. The lifeguards were required to shut down the swimming area if visibility decreased to a depth of less than four feet; tellingly, the pool remained open all day. There was also testimony that the summer had been particularly dry, that there had not been any significant rain recently and that the deep end of the pool where the incident occurred generally has the least turbidity, all factors which typically lead to clear water. Although claimant and her spouse [*2]testified that the water was murky, the Court of Claims implicitly rejected that testimony, and we discern no reason to disturb this credibility determination (see Byung Choon Joe v State of New York, 203 AD3d 1258, 1261 [3d Dept 2022]; McFadden v State of New York, 200 AD3d 1357, 1357 [3d Dept 2021]). Based upon the foregoing, there is ample support in the record for the conclusion that the rock shelf upon which claimant struck her foot was "readily apparent to a person reasonably using his or her senses" (Cohen v State of New York, 50 AD3d 1234, 1236 [3d Dept 2008], lv denied 10 NY3d 713 [2008]).
With that said, we disagree with the Court of Claims' holding that defendant bears liability for claimant's injury. The open and obvious nature of the rock shelf obviated any duty on defendant's part to warn park users of its presence (see Tagle v Jakob, 97 NY2d at 170; Farrell v Ted's Fish Fry, Inc., 196 AD3d 893, 895 [3d Dept 2021]; Cohen v State of New York, 50 AD3d at 1236). That is, "[t]he duty to warn . . . does not extend to open and obvious dangers — particularly those encompassing natural geographic phenomena which can readily be observed by those employing the reasonable use of their senses" (Arsenault v State of New York, 96 AD3d at 101 [internal quotation marks and citations omitted]; see Freese v Bedford, 112 AD3d 1280, 1281 [3d Dept 2013]). Furthermore, we find that defendant satisfied its obligation to maintain the area in a reasonably safe condition (see Arsenault v State of New York, 96 AD3d at 104). To that end, defendant saw to it that lifeguards were on duty and, in the area where the incident occurred, defendant posted a sign stating "no jumping" and erected railings, painted red, along the edge of the platform adjacent to the ladder. As for claimant's argument that the location of the ladder and the "12 feet minimum" sign in relation to the rock ledge rendered the area unsafe, we disagree. Notwithstanding the presence of the rock ledge, the record demonstrates that the ladder allowed for reasonably safe entry into the pool, and the sign reasonably conveyed the minimum depth of the water in that area. In our view, it is not rational to interpret this sign as meaning that the wall that claimant descended was perfectly smooth and free of protrusions. Indeed, claimant acknowledged that she was aware, prior to the incident, that the sides of the pool were made of rock and were not smooth.
We also conclude that claimant assumed the risk of her injury. "One who engages in water sports assumes the reasonably foreseeable risks inherent in the activity" (Rooney v Battenkill Riv. Sports & Campground Holding Co., LLC., 204 AD3d 1293, 1296 [3d Dept 2022] [internal quotation marks and citation omitted]; see Mugnai v Town of Oyster Bay, 163 AD3d 835, 836 [2d Dept 2018]). "The duty owed under these circumstances is a duty to exercise care to make the conditions as safe as they appear to be. If the risks of the activity are fully comprehended or [*3]perfectly obvious, [a claimant] has consented to them and [a] defendant has performed its duty" (Rooney v Battenkill Riv. Sports & Campground Holding Co., LLC, 204 AD3d at 1295 [internal quotation marks and citations omitted]). Notably, "it is well settled that the doctrine of primary assumption of the risk may encompass risks engendered by less than optimal conditions, provided that those conditions are open and obvious and that the consequently arising risks are readily appreciable" (Legac v South Glens Falls Cent. Sch. Dist., 150 AD3d 1582, 1584 [3d Dept 2017] [internal quotation marks and citation omitted], lv denied 30 NY3d 905 [2017]; see Bukowski v Clarkson Univ., 19 NY3d 353, 356 [2012]; Secky v New Paltz Cent. Sch. Dist., 195 AD3d 1347, 1348 [3d Dept 2021], affd ___ NY3d ___, ___ [Apr. 27, 2023]).
Here, the park's manager testified that the natural features of the gorge are unique, and this uniqueness attracts tens of thousands of visitors each year. By claimant's own testimony, it was the inherent natural beauty of the gorge that drew her to swim there. Further, as indicated above, claimant was aware that the sides of the pool were irregular, and in fact she took photographs depicting other swimmers sitting and standing on a rock ledge just below the surface of the water, not far from the area where she injured herself. Regarding the rock ledge upon which claimant ultimately struck her foot, it was an open and obvious condition for the reasons previously articulated and any arguable risks associated with swimming in that area were thus readily appreciable. While it may be true that a rocky underwater surface could be less optimal for swimming than an engineered swimming pool, it nevertheless remains the case that claimant's striking of her foot on a rock ledge was a reasonably foreseeable risk inherent in swimming in the gorge, and the swimming conditions were as safe as they appeared to be (see Mugnai v Town of Oyster Bay, 163 AD3d at 836; Bukowski v Clarkson Univ., 86 AD3d 736, 738 [3d Dept 2011], affd 19 NY3d 353 [2012]; Salas v Town of Lake Luzerne, 296 AD2d 643, 646 [3d Dept 2002], lv denied 99 NY2d 502 [2002]).
Garry, P.J., Lynch, Clark and Aarons, JJ., concur.
ORDERED that the appeal from the decision is dismissed, without costs.
ORDERED that the judgment is modified, on the law, without costs, by reversing so much thereof as found defendant 50% liable; claim dismissed in its entirety; and, as so modified, affirmed.